## Kendall vs. Spradling.

ORD. PET.

APPEAL FROM MORGAN CIRCUIT COURT.

Case 6.

According to the *Code of Practice*, sec. 909, no appeal lies to this Court from a judgment of the Circuit Court, where the amount claimed and judgment rendered is for less than one hundred dollars, though rendered before the first of July, 1854, unless the appeal was taken before that day.

Spradling brought this suit to recover the value of a horse and damages for its detention against Kendall, which plaintiff alleges he purchased at a sale made by a constable, under an execution in favor of Mary Kendrick against Kendall and Evans. A judgment was recovered at the April term, 1854, for $43 12. No appeal was prayed until the 27th October, 1854, when the record was filed with the clerk of the Court of Appeals.

*Hazlerigg & Peters*, for appellant—

We insist that the act taking away the right of appeal to a defendant where the judgment is for less than $100, cannot be construed to have a retrospective operation and deprive the party of the right of appeal, where that right existed at the time the judgment was rendered.

*Burns*, for appellee.

Judge STITES delivered the opinion of the Court—

The Code of Practice in civil actions, as amended during the last session of the Legislature, contains the following provisions :.

"Sec. 15. The Court of Appeals shall have appellate jurisdiction over the final orders and judgments of all other courts of this commonwealth, subto the exceptions in the next section.

VOL. XV—3

December 7.

According to the Code of Practice, sec. 909, no appeal lies to this court from a judgment of the Circuit Court where the amount claimed and judgment rendered is for

KENDALL
vs.
SPRADLING.

less than one
hundred dollars,
though rendered
before the first
of July, 1854,
unless the ap-
peal was taken
before that day.

"Sec. 16. Where the action or proceeding is for the recovery of money or personal property, and the matter in controversy does not exceed one hundred dollars in value, or, in behalf of the defendant, where the judgment of the inferior court is against him for money or personal property, not exceeding in value one hundred dollars, unless reduced below that amount by a set-off or counter-claim, or where the judgment grants a divorce, or where the judgment or order is by the Quarterly Court, County Court, Police Court, City or Mayor's Court, or Justice's Court, and an appeal is given to the Quarterly or Circuit Court, the Court of Appeals shall have no jurisdiction." (*Code of Practice in civil actions, sections* 15, 16.)

The act amending the Code took effect on the first day of July, 1854, (*Code of Practice, section* 908,) and by a supplemental act at the same session it was provided that: "This act and the act amending the Code of Practice in civil actions, passed at the present session of the Legislature, shall so far go into effect upon the passage of this act, that all proceedings in pursuance of the provisions of said acts shall be valid; *but no proceeding commenced* before the first day of July, 1854, shall be rendered invalid by said acts." (*Code of Practice, sec.* 909.)

This appeal is from a judgment of the Circuit Court, in a proceeding for the recovery of personal property, and damages for its detention. The amount claimed by the plaintiff in the Circuit Court, did not exceed one hundred dollars in value. The amount of the judgment rendered against the defendant was only forty-three dollars and twelve and a half cents, and the judgment was rendered in April, 1854.

The case being within the exceptions enumerated in section 16 of the Code, this court has no jurisdiction, unless the proceeding to bring the case into this court was commenced or taken before the first day of July, 1854.

Section 876 of the *Code of Practice* provides that: "The mode of bringing the judgment or final order

of an inferior court to the Court of Appeals for reversal or modification, shall be by appeal, which shall be granted as a matter of right, either by the court rendering the judgment or order, on motion made during the term at which it is rendered, or by the clerk of the Court of Appeals, on application of either party."

This judgment, as already stated, was rendered at the April term, 1854, of the Morgan Circuit Court. No step nor proceeding was taken to bring the case into this court, as appears from the record, until the 27th October, 1854, when the record seems to have been filed in the office of the clerk of the Court of Appeals, and a summons and supersedeas issued. The proceeding in this court cannot, therefore, be regarded as having been commenced before the first day of July, 1854, and as within the provisions of section 909, *supra*, and must be dismissed for want of jurisdiction.

Wherefore the appeal is dismissed.