CHARLES J. PUFFER v. ED. KENNEDY.

JURISDICTIONAL AMOUNT — *Case Dismissed.*  An action involving less
than $100, exclusive of costs, to recover clerk hire, wherein the
plaintiff below recovers the sum of $50, judgment being rendered
on the 15th day of September, 1888, and the case-made filed in this
court September 14, 1889, is not properly here, under ¶ 4642, sec.
542a, Civil Code, General Statutes of 1889, and the petition in error
is dismissed.

*Error from Norton District Court.*

THE case is stated in the opinion.

*L. H. Wilder*, and *Geo. A. Spaulding*, for plaintiff in error:

The court erred in giving paragraph 2 of instructions given by the court on its own motion, which said paragraph is erroneous in this, that it does not properly lay down and explain the law of liability of agents in such cases.

Plaintiff below claims the benefit of a full and complete settlement with defendant below, but it is apparent from his own evidence that there was no settlement, or, if it is conceded there was a settlement, it is conclusively shown that it was procured by fraud practiced by him upon the defendant below, and therefore void. The false and fraudulent character and acts and the unfaithful conduct of plaintiff below in his relations with the defendant below are sufficient to defeat his claim, and upon these facts so clearly and so strikingly brought out in the evidence the defendant below rests his defense.

The law is correctly stated in paragraph 1 of instructions asked by defendant below. See *Sumner v. Reicheniker*, 9 Kas. 320, and authorities there cited, wherein it is held that the right of a party to compensation for service is not absolute, but dependent upon the manner of performing his duties. If an agent or servant is dishonest or unfaithful in his employment or grossly negligent or unskillful, he not only forfeits all right to compensation but becomes liable to his employer in damages.

The evidence shows clearly that plaintiff below was dishonest and unfaithful in the discharge of his duties throughout the entire period of his employment; that he fraudulently appropriated to his own use, and to the use of his friends, moneys and goods of the defendant below; that he was guilty of gross and fraudulent misconduct and actuated by selfish and dishonest motives, and that he deliberately entered upon a systematic scheme of robbery, which he successfully carried on from the beginning to the end of his service. Because the above facts are clearly in evidence and because the above is a

correct statement of the law applicable to this case, the plaintiff below should not be permitted to recover.

*L. H. Thompson,* for defendant in error:

This defendant in error, the plaintiff below, was not suing to recover commissions on sales, but was suing for a salary, a balance due on settlement, and the cause was tried upon that theory of the case. The instruction asked by the defendant below, and referred to by him as paragraph 1, is not the law, and was rightfully refused by the court; hence the only claim whereby the plaintiff in error can with any degree of consistency ask for a reversal of the judgment is, that the verdict of the jury was not sustained by sufficient evidence. This case was tried upon the merits, once before a justice of the peace, the justice finding for the full amount claimed by plaintiff below, and once in the district court by a jury, they finding the amount due plaintiff below to be $50.

Where a case is submitted by the district court to a jury, and the verdict has received the sanction of the trial court, the supreme court will not set the judgment aside if there is sufficient evidence introduced upon the part of the plaintiff to sustain the verdict and judgment, although such evidence is contradicted directly by the evidence of the defendant. *Martin v. Hopkins,* 40 Kas. 61. The granting of a new trial is largely in the discretion of the trial court. *City of Sedan v. Church,* 29 Kas. 190; *Barney v. Dudley,* 40 id. 247. A trial court is invested with a large discretion in determining applications for new trials. *City of Sedan v. Church,* 29 Kas. 190; *Brown v. A. T. & S. F. Rld. Co.,* 29 id. 186; *Murphy v. Hindman,* 37 id. 267; *Osborne v. Ehrhard,* 37 id. 413; *Atyeo v. Kelsey,* 13 id. 212; *Pac. Rly. Co. v. Nash,* 7 id. 280.

The law as laid down in the case of *Sumner v. Reicheniker,* 9 Kas. 320, was substantially given by the court, in paragraph 2 of its instructions, especially that portion which directly covers this cause. Slight negligence or slight omissions of duty will not indeed, ordinarily, be visited with such severe consequences, meaning the forfeiture of commissions,

although, if any loss has occurred thereby to the principal, it will be followed by a proportionate diminution of the commissions.

Opinion by SIMPSON, C.: Kennedy brought this action against Puffer, claiming that Puffer was indebted to him on settlement for balance due for clerk hire in the sum of $81.44. He recovered a judgment before a justice of the peace for the full amount. Puffer appealed to the district court, and a jury trial was had, resulting in a judgment in favor of Kennedy for $50. Puffer brings the case here for review.

The case was tried at the September term, 1888, of the Norton district court, and judgment rendered on the 15th of September. Puffer took until the 1st day of December, 1888, to make and serve a case for the supreme court, but the case was not signed and settled until the 17th day of August, 1889. The case-made was not filed in this court until September 14, 1889. Under the provisions of ¶ 4642, sec. 542a, Civil Code, Gen. Stat. of 1889, which took effect March 20, 1889, we cannot consider the case, as the amount in controversy, exclusive of costs, is less than $100, and it does not belong to one of the excepted classes.

We recommend that the petition in error be dismissed.

By the Court: It is so ordered.

All the Justices concurring.