## J. F. HARTZ CO. *v.* LUKASZCEWSKI.

1. APPEAL AND ERROR—STATUTORY RIGHT OF APPEAL—LEGISLATIVE DISCRETION.

The right to an appeal is and always has been statutory, and does not exist at common law, but is a remedy which the legislature may, in its discretion, grant or take away, and it may prescribe in what cases, and under what circumstances, and from what courts, appeals may be taken; and unless the statute expressly or by plain implication provides for an appeal from a judgment of a court of inferior jurisdiction, none can be taken.

2. SAME—JURISDICTION—WAIVER—CONSENT.

Jurisdiction cannot be conferred by consent or inadvertence.

3. SAME—VESTED RIGHT—STATUTES.

The statutory right of appeal is but a mere privilege, not amounting to a vested right, and may be taken away by the legislature before appellate proceedings have been instituted, although judgment was rendered before the statute was amended.

4. SAME—JURISDICTION—DISMISSAL.

Under Act No. 172, Pub. Acts 1917, amending the judicature act (3 Comp. Laws 1915, § 13736), providing that "Writs of error, upon a final judgment or determination, where the judgment exceeds in amount $500, may issue of course, out of the Supreme Court, in vacation as well as 'in term, and shall be returnable to the same court; and in all other cases such writ may issue in the discretion of the Supreme Court upon proper application," an action begun in justice's court, limited in amount to $500 by plaintiff's declaration and the jurisdiction of the court, and where judgment of "no cause of action" was entered in the circuit, before the statute was amended, and a writ of error was sued out in this court, after said act went into effect, without any application to this court therefor, the Supreme Court is without jurisdiction and will, of its own motion, dismiss the case.

Error to Wayne; Hosmer, J.  Submitted January 17, 1918.  (Docket No. 117.)  Decided March 28, 1918.

Assumpsit in justice's court by the J. F. Hartz Company against S. J. Lukaszcewski for goods sold and delivered.  There was judgment for plaintiff, and defendant appealed to the circuit court.  Judgment for defendant.  Plaintiff brings error.  Dismissed.

*Frederic T. Harward,* for appellant.

*L. A. Koscinski* (*Charles Bowles,* of counsel), for appellee.

STEERE, J.  Plaintiff brought this action in a justice's court of the city of Detroit to recover a claimed balance due upon a running account extending from November 6, 1909, to February 28, 1912, declaring orally upon the common counts in assumpsit and claiming $500 or under.

Defendant orally pleaded the general issue with special notice of set-off and recoupment.  Each furnished a bill of particulars.  Plaintiff's comprised a lengthy account for medicines, drugs, surgical instruments, etc., sold to defendant during the period mentioned, with credits for numerous payments thereon from time to time; while defendant's bill of particulars of his claimed set-off was composed of 14 items of "goods returned and not credited," the total stated amount for credits claimed slightly exceeding the balance shown by plaintiff's bill to be yet due on the account.  The principal matter in controversy was an X-Ray machine and its accessories which plaintiff claimed defendant bought, but which he claimed was taken on approval and subsequently returned.  The primary and controlling issue between the parties was one of fact.

In justice's court plaintiff recovered a judgment for

$500 and defendant removed the case by appeal to the Wayne circuit court, where re-trial by jury resulted in a verdict and judgment of "no cause of action." The judgment was entered by the circuit court of Wayne county on January 29, 1917. On October 17, 1917, following familiar practice under former statutory authority, plaintiff's counsel obtained as a matter of right, and of course, issuance of a writ of error without any application to this court therefor. A bill of exceptions with assignment of errors attached was thereafter settled and the case proceeded without objection of opposing counsel to a hearing in this court upon briefs and record.

Jurisdiction cannot be conferred by consent or inadvertence. By Act No. 172, Pub. Acts 1917, which went into effect in August, 1917, section 1 of chapter 50 of the judicature act (section 13736, 3 Comp. Laws 1915), is amended to read as follows:

"Writs of error, upon any final judgment or determination, where the judgment exceeds in amount five hundred dollars, may issue of course, out of the Supreme Court, in vacation as well as in term, and shall be returnable to the same court; and in all other cases such writ may issue in the discretion of the Supreme Court upon proper application."

Although judgment was rendered before the amendment was passed, appellate proceedings had not been instituted in this court before it went into effect. Its restrictions were therefore in force and applicable, for the reason that the previous statutory right of review in such cases was but a mere privilege not amounting to a vested right beyond legislative control. *Puffer* v. *Kennedy*, 49 Kan. 59; *Skoin* v. *Limerick*, 50 Kan. 465; *Kendall* v. *Spradling*, 54 Ky. 33; *M'Gruder* v. *Lyons*, 48 Va. 233; *Yznaga del Valle* v. *Harrison*, 93 U. S. 233.

In *Skoin* v. *Limerick, supra,* it appeared from the record that judgment was rendered by the trial court

on January 30, 1889, for review of which the petition in error and case-made were filed in the appellate court on January 13, 1890. On March 20, 1889, an act of the legislature limiting appellate jurisdiction to sums exceeding the amount of the judgment took effect. No question of jurisdiction was raised by either party. It was there said:

"We think, however, it is the duty of this court on its own motion, where the question is not otherwise raised, to raise the question itself, and to consider the same."

The case was thereupon dismissed under previous decisions referred to.

Not only is the subject matter of the action limited in amount to $500 by the *ad damnum* clause in plaintiff's declaration and the jurisdiction of the court in which suit was begun, but specifically and palpably it is not a case "where the judgment exceeds in amount five hundred dollars," which is the test now prescribed by statute for a writ of error as a writ of right on final judgment in the trial court.

That no right of appeal exists in this State except as conferred by statute, is well settled. *Harvey* v. *Pealer,* 63 Mich. 573; *Sullivan* v. *Haug,* 82 Mich. 548; *Messenger* v. *Teagan,* 106 Mich. 654. Public policy enters into consideration of the question (*Smart* v. *Howe,* 3 Mich. 590), and it is within the power of the legislature to determine to what extent that right shall exist and under what restrictions. In *Sullivan* v. *Haug, supra,* which discusses the subject at length, it is said:

"The right to an appeal is and always has been statutory, and does not exist at common law. It is a remedy which the legislature may, in its discretion, grant or take away, and it may prescribe in what cases, and under what circumstances, and from what courts, appeals may be taken; and unless the statute expressly or by plain implication provides for an ap-

peal from a judgment of a court of inferior jurisdiction, none can be taken."

The case is therefore dismissed from this court, without costs to either party.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.