VULCANIZED PRODUCTS CO. *v.* BENDER.

1. CORPORATIONS—LIABILITY OF DIRECTORS—ANNUAL REPORT, DEFAULT IN FILING—STATUTES.

    Act No. 142, Pub. Acts 1915 (2 Comp. Laws 1915, § 9028), fixing the liability of directors of a corporation for the debts thereof in case of failure to file its annual report in the office of the Secretary of State, in force at the time of the trial, was controlling, rather than Act No. 232, Pub. Acts 1903, as amended, in force at the time the suit was started. OSTRANDER, C. J., dissenting.

2. SAME—DEFAULT—DIRECTED VERDICT.

    Where the corporate debt sued upon was contracted before the expiration of the 70-day period after the end of the fiscal year, allowed by the statute for the filing of the report, there was no default, and a verdict was properly directed in favor of defendants.

Error to Kent; Perkins, J. Submitted April 3, 1918. (Docket No. 23.) Decided July 18, 1918.

Assumpsit by the Vulcanized Products Company against Charles H. Bender and others to enforce the statutory liability of the directors for failure to file the annual report of the Diamond Steel Truck Company. Judgment for defendants. Plaintiff brings error. Affirmed.

*Ellis & Ellis,* for appellant.

*Travis, Merrick, Warner & Johnson,* for appellees.

Between July 15, 1912, and September 5, 1912, the plaintiff sold to the Diamond Steel Truck Company goods to the value of $1,358.84. The fiscal year of the Diamond Steel Truck Company expired on June 30th of each year. The annual report for the fiscal year ending June 30, 1912, was, according to the certificate of the secretary of State, filed on September 11, 1912. The declaration of this suit was filed Sep-

tember 25, 1914, and the action was commenced for the purpose of compelling the directors of the corporation, the Diamond Steel Truck Company, to respond personally. At the time the suit was started the liability of the directors was fixed by the provisions of Act No. 232 of the Public Acts of 1903, as amended by Act No. 194 of the Public Acts of 1905 and Act No. 137 of the Public Acts of 1907. At the time of the trial, however, in 1917, the legislature had passed a new act (Act No. 142 of the Public Acts of 1915, 2 Comp. Laws 1915, § 9028). Under the law as it stood when the suit was started, it was provided:

"Any director of such corporation so in default, who has neglected or refused to join in the making of such report, shall be liable for all the debts of such corporation contracted since the filing of the last report of such corporation."

The act of 1915 provides for the filing of said report within 60 days after the close of the corporate fiscal year, and further:

"If any corporation neglect or refuse to make and file the reports required by this section within the time herein specified (sixty days after the close of the fiscal year), and shall continue in default *for ten days thereafter,* its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain an action in any court of this State upon any contract entered into during the time of such default; *and any director of such corporations so in default, who has neglected or refused to join in the making of such report shall be liable for all the debts of such corporation contracted during the period of such neglect or refusal.*"

In the case under consideration the time limit within which the corporate report should have been filed by the Diamond Steel Truck Company expired on September 8th and the report was not filed until September 11th, three days later.

Counsel agree that the sole question presented is

whether the defendant directors are liable for debts contracted during the 70-day period after the end of the fiscal year or whether they are liable only for those debts contracted after the 70-day period and during default. The learned circuit judge entered judgment for the defendant which is now in this court for review.

BROOKE, J. (*after stating the facts*). No portion of the debt for which suit was brought was contracted between the 8th day of September (the last day upon which the report could properly have been filed), and the 11th day of September, the day upon which it was actually filed. The question is presented whether the period of "such neglect or refusal" starts at the end of the fiscal year or is to be computed from the expiration of the 70 days allowed by the statute within which the directors may properly file their report. It seems clear that the directors are not in default during any of the time allowed by the statute for filing, and that their "neglect or refusal" commences only after the days of grace have expired. The case of *Reuter Hub & Spoke Co.* v. *Hicks*, 181 Mich. 250, is relied upon as authority by counsel for appellant. In that case it will be found we were dealing with the language of the earlier statute and it cannot be said to be controlling in the case at bar. *American Brass Co.* v. *Emery*, 189 Mich. 593.

The judgment was properly directed and is therefore affirmed.

BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred with BROOKE, J.

OSTRANDER, C. J. I do not see what the law of 1915 has to do with the case, and therefore do not concur in this opinion.