ROWE *v*. STATE HIGHWAY COMMISSIONER.

1. Appeal and Error—Questions Reviewable—Condemnation for
    Highways—Determination of Necessity—Certiorari—Statutes.
        Whether or not plaintiffs' claim that application for certiorari to
        review determination of necessity for taking plaintiffs' prop-
        erty for highway purposes was timely filed is not determined,
        notwithstanding dismissal of writ by circuit judge solely be-
        cause application was not filed within 10 days from time de-
        fendant State highway commissioner made the determination
        of necessity, where compliance had not been had with statu-
        tory provisions requiring written notice of intention to remove
        the cause to circuit court by certiorari, no bond was executed
        and served upon defendant by plaintiffs, and defendant was
        not paid fee required by statute to be paid for making return
        to certiorari and defendant's motion to dismiss also included
        such failures as grounds for dismissing the writ (CL 1948,
        § 213.197; CLS 1956, § 678.23; CL 1948, §§ 678.25, 678.29).

2. Certiorari—Motion to Dismiss—Circuit Court—State High-
    way Commissioner—Determination of Necessity.
        Defendant State highway commissioner's averments as to plain-
        tiffs' noncompliance with statutory requirements in connection
        with review by certiorari in circuit court of defendant's deter-
        mination of necessity for taking plaintiffs' property for high-
        way purposes, supported by affidavits that have not been de-
        nied, must be taken as admitted for purposes of determining
        motion to dismiss.

3. Appeal and Error—Questions Reviewable—Constitutional
    Law—State Highway Commissioner—Notice of Determination
    of Necessity.
        Whether or not statute permitting review of State highway com-
        missioner's determination of necessity by certiorari in circuit

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur, Appeal and Error § 116.
[2] 10 Am Jur, Certiorari § 16 *et seq.*
[3] 3 Am Jur, Appeal and Error § 838.

court upon application therefor being filed within 10 days was unconstitutional in not requiring him to give notice to the landowners concerned of his determination of necessity is not decided, where such question is not challenged in this appeal and the State highway commissioner now undertakes to serve notice of such determinations of necessity as soon as they are made (CL 1948, § 213.197).

4. COSTS—APPEAL FROM DENIAL OF CERTIORARI TO STATE HIGHWAY COMMISSIONER.

No costs are allowed in appeal from circuit court's denial of certiorari to review State highway commissioner's determination of necessity.

BLACK, J., for dismissal of appeal.

Appeal from Oakland; Adams (Clark J.), J. Submitted January 12, 1962. (Docket No. 88, Calendar No. 49,200.)  Decided March 19, 1962.

Certiorari by Lynn Merlin Rowe and others against John C. Mackie, State Highway Commissioner, to review determination of necessity in respect to land to be taken for highway purposes. Writ dismissed on motion. Plaintiffs appeal. Affirmed.

*Kenneth H. Hempstead* and *L. C. Burch, Jr.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, *Louis J. Caruso, Martin L. Leacock,* and *Laurence A. Price,* Assistant Attorneys General, for defendant.

BLACK, J. (*for dismissal of appeal*).  This case does a stubbornly perverse high court no measure of credit.  At none but our threshold can be laid the disastrous responsibility for that quite unnecessary loss of public money—to say nothing of an irreparable injury already done the public interest—

Michigan has suffered since the attorney general moved last March to dismiss appellants' unauthorized appeal from dismissal below of the writ of certiorari they had sued out under section 27 (CL 1948, § 213.197 [Stat Ann 1958 Rev § 8.198]).

For more than 9 months an important highway construction project, that of uniting near Pontiac requisite links of new interstate United States highway I–175, has been held up for want of summary dismissal of this unrighteous appeal or, in lieu thereof, summary determination (under Court Rule No 70, § 5 [1945][1]) of that which our majority has finally found and attested, that is, an appeal of no reviewable substance (see the separate opinion of Mr. Justice SOURIS).

Our failure to deal promptly with a proceeding calling for summary treatment may have cost the highway fund as much as $242,000. Whatever the final loss-amount may be, it is inexcusably too much (see presently quoted affidavit of Mr. Hill). Furthermore, an integral part of the project undertaking will remain unstarted until, at long last, we pass to decision from indecision by means of currently pregnant opinions. Even then, the continuing fault resting here, such part of the project cannot be completed until next summer or next fall. Little wonder, this case of Rowe being fresh in highway department minds, that the State highway commissioner trumpets grim objection—before the presently assembled constitutional convention—to current proposals that his authority to determine the necessity for taking highway rights-of-way be transferred to judicially supervised courtrooms.

The loss and delay facts to which allusion is made above were communicated to us, through the attorney general, by affidavit of Howard E. Hill,

---

[1] As added October 30, 1956. See 347 Mich xxx.—REPORTER.

deputy State highway commissioner and managing director of the State highway department, under date of May 25, 1961. The occasion was that of the attorney general's then temporarily successful appeal for reconsideration of our majority order of April 26, 1961, by which his motion to dismiss appeal was denied.

Mr. Hill's affidavit stands uncontroverted. He gave careful detail of his estimate—of the cost of ·impending delay—as being the sum of $242,000. The principal point made in his affidavit was that an existing high-pressure gas main, extending partially across the taken property, "can only be disrupted during an off-peak loading period which is during the months of June, July and August." Needless to say, the 3 mentioned summer months have come and passed into history. The affidavit proceeds:

"In addition to the described public inconvenience, the State highway department, by reason of the described delay, would be subject to the following costs and charges resulting from the delay:

"(a) Moving in and out charges on the concrete pavement equipment, estimated as $20,000;

"(b) Moving in and out charges on the bridge equipment, estimated as $5,000;

"(c) Moving in and out charges on the grading equipment, estimated as $10,000;

"(d) Signing and barricading costs to keep the public from unprotected and illegal use of partially completed expressway, and to maintain cross-roads, estimated as $5,000;

"(e) Estimated costs to repair erosion, wash-outs and sodding losses in work completed, but which cannot be accepted from the contractors, estimated as $4,000;

"(f) Maintenance cost on county roads required to be used as substitute routes for hauling, borrow and materials, estimated as $3,000;

"(g) Contractors' interest charges on investment in materials, loss on overhead, lost time in rearranging schedules, contingency for scheduled increase in material and labor costs after September, 1961, additional cost of 2 set-ups for batch plants and hauling on county roads in by-passing Baldwin avenue, extended bond and insurance costs, et cetera, estimated as $195,000.

"The total possible and estimated costs of delay is estimated at $242,000."

Here is the record of our incredible course of yaw and crabsidle. Appellants' claim of appeal, as of right—from Judge Adams' order dismissing certiorari—was filed with our clerk March 2, 1961. March 22, 1961, the attorney general filed motion to dismiss appellants' said appeal, assigning want of application for and grant of leave to appeal per requirement of Court Rule No 60, § 1 (1945). April 26, 1961, *by majority vote,* the attorney general's said motion was denied. May 25, 1961, the attorney general moved for reconsideration of our said order denying motion to dismiss appeal. June 28, 1961, *by unanimous vote,* we ordered that the attorney general's motion for reconsideration be granted and that an order enter dismissing appellants' appeal "for want of application and grant of leave." July 14, 1961, appellants moved "to reconsider the granting of the motion of appellee, John C. Mackie, to dismiss appellants' appeal." October 23, 1961, *by a seated majority of 4* (Justices EDWARDS, SOURIS, CARR, and DETHMERS),[2] an order was entered vacating our said order of June 28, 1961, and reinstating the above order of April 26, 1961 (by which—as noted above —the attorney general's motion to dismiss appeal was initially denied).

---

[2] Justices BLACK and KAVANAGH dissented. Justices KELLY and OTIS M. SMITH did not participate.

Briefs and appendices were thereafter filed. In pursuance of joint motion and stipulation filed December 20, 1961, the cause—so appealed—was placed on our recent term docket and came to submission January 12, 1962. The joint motion and stipulation is of interest. It recites, pertinently:

"The attorneys of record for all of the parties that · are involved in this appeal hereby respectfully move that the Court waive the 30-day notice requirement contained in section 1 of Court Rule No 70 (1945)[3] and permit this case to be placed on the 1962 January term of the Court at the foot of the call. This request is based on the urgency of obtaining a decision from the Court as soon as possible. We believe that the Court, on the basis of the pleadings that are already on file in this cause, is well aware of the fact that vital construction work on an important interstate highway is being held in abeyance pending the outcome of this case."

I turn from this internal record of our doings to the question raised by the attorney general's said motion to dismiss appeal. The question, simply stated, is whether appellants' remedy of review, "under statute, or, in the absence of statute, under common law, is [was] by certiorari, mandamus or other discretionary writ."[4] Since no one claims that a statute—*any* statute—confers a right or remedy of review of circuit court orders entered upon certiorari under said section 27, the only remaining question is whether, at common law, appellants' remedy of review was by certiorari, mandamus or other discretionary writ. The answer to this last question has

---

[3] As amended October 30, 1956. See 347 Mich xxviii.—Reporter.

[4] The quotation is from Court Rule No 60, § 1(b) (1945), as same stood when each of our contradictory orders in this Rowe case, detailed above, was considered and resolved during 1961. The rule was amended effective December 1, 1961 (364 Mich xiv). The reader has a right to guess that the amendment was stimulated—in part at least —by the record of indecision portrayed above.

been, throughout Michigan's judicial history, a perfectly visible affirmative.

Even since the leading case of *Sullivan* v. *Haug,* 82 Mich 548 (10 LRA 263), was decided in 1890, Michigan lawyers and judges have tested this ultimate question by inquiring whether the legislature has provided "a statutory remedy by appeal." If not, then "redress against judgments of inferior courts must be by *certiorari* or *mandamus.*" (Quotation from *Sullivan* at page 557.) That such is the test of pertinent appellate remedy appears in a long line of cases following *Sullivan,* notably *Renaud* v. *State Court of Mediation and Arbitration,* 124 Mich 648 (51 LRA 458, 83 Am St Rep 346); *United States Gypsum Co.* v. *Kent Circuit Judge,* 150 Mich 668 (a condemnation case); *Van Leuven* v. *Ingham Circuit Judge,* 166 Mich 115; *J. F. Hartz Co.* v. *Lukaszcewski,* 200 Mich 230; *Bishop* v. *Judge of Recorder's Court,* 207 Mich 537; *Chicago, D. & C. G. T. J. R. Co.* v. *Simons,* 210 Mich 418.

In the last cited case the plaintiff condemner claimed an appeal as of right from an order confirming an award in favor of the appellee landowners. The latter moved successfully to dismiss such appeal. Mr. Justice Fellows spoke for the unanimous Court (p 420):

"This Court, in consonance with other courts of last resort, has uniformly held that appeals are statutory, do not exist at common law, and that the legislature in its discretion may prescribe in what cases and under what circumstances appeals may be taken. *Sullivan* v. *Haug,* 82 Mich 548 (10 LRA 263); *Messenger* v. *Teagan,* 106 Mich 654; *Kundinger* v. *City of Saginaw,* 59 Mich 355; *J. F. Hartz Co.* v. *Lukaszcewski,* 200 Mich 230. Plaintiff must, therefore, look to the statute and to the statute alone for its right to be here heard."

There is no new or novel learning here. All that is required is judicial willingness to enforce our appellate rules with due uniformity so that the designed equal protection thereof is provided for all having business in this Court. It is not right that 1 appellant, here and there amongst hundreds of rule-compliant others,[5] may evade the work and the risk of due application for leave to appeal by appealing bodaciously without leave. This is especially so when the proceedings brought into circuit upon certiorari are special and summary in character.[6]

The foregoing merely confirms the general rule that circuit court certiorari proceedings are reviewable in this Court by appeal upon leave. 11 Callaghan's Michigan Pleading and Practice, § 92.45, p 803, states as follows under the heading "Review in Supreme Court of certiorari judgment":

"If a certiorari proceeding is instituted in a circuit

[5] For recent instances where statutory determinations of necessity —made by the State highway commissioner—have arrived in this Court solely by application and grant of leave, see *New Products Corp.* v. *State Highway Commissioner*, 352 Mich 73 (per CARR, J.), and *Lookholder* v. *State Highway Commissioner*, 354 Mich 28 (per BLACK, J.). In both cases this Court voted unanimously to grant timely applications for leave to review circuit court orders entered under said section 27. If either appeal had been regarded as of right, the application doubtless would have been returned to counsel with appropriate advices. Courts do not usually waste their time with study and decision of timely applications for leave to appeal from orders that are appealable of timely right.

[6] "It is the general rule that unless the statute expressly gives an appeal there is no appeal, nor can a review be had by writ of error, in special or extraordinary proceedings, not according to the course of the common law. *Lorimer* v. *Wayne Circuit Judge*, 116 Mich 682; *Cross* v. *People*, 8 Mich 113; *Smith* v. *Superintendents of the Poor*, 34 Mich 58; *Auditor General* v. *Pullman Palace Car Co.*, 34 Mich 59; *Detroit & T. S. L. R. Co.* v. *Hall*, 133 Mich 302; *Boyne City, G. & A. R. Co.* v. *Anderson*, 146 Mich 328 (8 LRA NS 306, 117 Am St Rep 642, 10 Ann Cas 283); *Sparrow* v. *Ingham Circuit Judge*, 109 Mich 272. Proceedings to condemn land are special and summary in character and, while subject to judicial review and supervision for certain purposes, are not judicial proceedings. *Toledo, A. A. & G. T. R. Co.* v. *Dunlap*, 47 Mich 456, 462; *Michigan, O. & I. R. Co.* v. *Monroe Circuit Judge*, 144 Mich 44." (*United States Gypsum Co.* v. *Kent Circuit Judge*, 150 Mich 668, 672, 673.)

court, the judgment therein is ordinarily reviewable in the Supreme Court only by an appeal by leave of court in the nature of mandamus."

And see *In re Fitch Drain No. 129,* 346 Mich 81, 95, 96. On that occasion, by 4-to-3 vote of the Court, it was held generally that Court Rule No 60 (1945) requires leave to appeal from certiorari proceedings in circuit court. The dissenting Justices found (see pages 91 through 95 of report) that certain provisions of the drain code permitted an "inference" that the legislature intended to grant remedy of review, as of right, from the drain proceedings in question. Whatever may be said of our divided opinions in the *Fitch Case,* there is no known statute from which like succor by "inference" may be drawn for this unauthorized appeal of Rowe. At least none has been cited or mentioned to date.

To recapitulate: Ever since the legislatively provided power of the State highway commissioner, to make determinations of necessity, was constitutionally upheld by this Court (*Fitzsimons & Galvin, Inc., v. Rogers,* 243 Mich 649; *In re Dillman,* 255 Mich 152), the exclusive remedy of review of such determinations has been by circuit court certiorari and thereafter by application for leave to appeal to this Court. I would hold so again for this case of Rowe.

I record again my continuant vote to dismiss this errant appeal; an appeal claimed of right from an order dismissing circuit court certiorari proceedings which themselves, as finally found by today's majority, were statutorily defective. Doing so, I note of due fairness that present Justice OTIS M. SMITH had no part in upholding appellants' said appeal, and that present Justice ADAMS was the attorney general who pleaded with this Court to dismiss what should have been dismissed—on his said motion —last April.

SOURIS, J. Plaintiffs sought to review by certiorari[1] in the Oakland county circuit court a determination[2] made by the defendant State highway commissioner, after hearing, that it was necessary to take their property for highway purposes. The defendant did not file a return to the writ of certiorari but, instead, moved to dismiss the writ on jurisdictional grounds. The commissioner's motion to dismiss was supported by 3 affidavits from which it appears (no counteraffidavits or other evidence having been produced or offered by plaintiffs[3]) that the statutory procedure for review by certiorari was substantially disregarded by plaintiffs in the following respects:

. 1. No written notice of intention to remove the cause to circuit court by certiorari was given to the defendant;[4]

2. No bond was executed and served upon defendant by plaintiffs;[5]

. 3. The defendant was not paid the fee required to be paid for making a return to the certiorari;[6] and

4. Application for the writ of certiorari was not made within 10 days after determination of necessity.[7]

Briefs were filed with the court, following which the trial judge delivered a bench opinion in which he concluded that the appeal by certiorari was not timely brought. An order of dismissal was filed from which plaintiffs appeal.

Plaintiffs rely solely upon the claim that application for review by certiorari was made by them as soon as they discovered the commissioner had made

---

[1] CL 1948, § 213.197 (Stat Ann 1958 Rev § 8.198), and CL 1948, § 678.22 et seq. (Stat Ann § 27.3502 et seq.).
[2] CL 1948, § 213.174 (Stat Ann 1958 Rev § 8.174).
[3] Court Rule No 18, § 3 (1945).
[4] CLS 1956, § 678.23 (Stat Ann 1959 Cum Supp § 27.3503).
[5] CL 1948, § 678.25 (Stat Ann § 27.3505).
[6] CL 1948, § 678.29 (Stat Ann § 27.3509).
[7] CL 1948, § 213.197 (Stat Ann 1958 Rev § 8.198).

his determination of necessity, well within 10 days of their discovery thereof; that defendant prevented their strict compliance with the statutory requirement (CL 1948, § 213.197 [Stat Ann 1958 Rev § 8.198]) that application for certiorari be made within 10 days after determination of necessity by withholding notice of the fact of such determination until after expiration of the statutory 10-day appeal period; and that the cited statute should be construed to permit application for certiorari to be filed within 10 days after notice that a determination of necessity has been made.

We do not consider it necessary to pass upon the claim made by plaintiffs. Even if we were to assume its validity, the order of dismissal would have to be affirmed for plaintiffs' failure to comply with the several statutory requirements summarized above and upon which defendant's motion to dismiss was also based. Defendant's averments with reference thereto, and the affidavits in support thereof, were not denied by plaintiffs and were, therefore, admitted for purposes of the motion to dismiss.

We do not condone defendant's failure to give plaintiffs timely notice of his determination of necessity, without which notice plaintiffs' statutory right to review such determination is rendered ineffectual. We note, however, that the statute's constitutionality in the absence of a requirement for service of notice of such determinations was not challenged in this appeal. We also note, and here record, that the attorney general advised this Court during oral argument that the State highway commissioner, notwithstanding the absence of statutory requirement therefor, now undertakes to serve notice of such determinations of necessity as soon as they are made.

Affirmed. No costs.

CARR, KELLY, and OTIS M. SMITH, JJ., concurred with SOURIS, J.

DETHMERS, C. J., concurred in result.

KAVANAGH, J. (*concurring*). On June 28, 1961, I joined in the unanimous vote ordering that the attorney general's motion for reconsideration be granted and that an order enter dismissing appellants' appeal "for want of application and grant of leave."

On October 23, 1961, I dissented in the order reconsidering the granting of the motion to dismiss appellants' appeal and vacating our order of June 28, 1961. Nevertheless, a majority of this Court so ordered and we are now bound to consider this matter as a full-fledged appeal.

I concur in the reasoning of Justice SOURIS in his opinion and affirm the dismissal of the action for the reasons stated in his opinion.

ADAMS, J., did not sit.