CRIMANDO *v.* PACIFIC NATIONAL FIRE
INSURANCE COMPANY.

1. INSURANCE—PROOF OF LOSS—OPTION TO REPAIR OR PAY—APPOINTMENT OF UMPIRE.

The filing by the insured of a petition for the selection of an umpire did not operate, of itself, to suspend the right of the insurer under fire insurance policy to exercise its 30-day option after receipt of proof of loss to make its election to repair the damaged property or pay to the insured the amount of the loss (CLS 1956, § 500.2832).

2. SAME—PROOF OF LOSS—OPTION TO REPAIR OR PAY—APPOINTMENT OF UMPIRE.

Insurer, under standard fire insurance policy containing option to pay for loss or repair at any time within 30 days following receipt of proof of loss, which did not exercise the option within such 30-day period was not in a position to complain about appointment of umpire for appraisal of loss, where, although petition for appointment was filed on twelfth day after proof of loss was received by insurer, the order of appointment was made 34 days after proof of loss (CLS 1956, § 500.2832).

BLACK, J., for dismissal of appeal.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted June 7, 1962. (Docket No. 20, Calendar No. 49,449.) Decided September 10, 1962.

Petition by Leo Crimando and Rose Crimando against Pacific National Fire Insurance Company, a

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29A Am Jur, Insurance § 1700.

Time within which insurer must make election to rebuild, repair, or replace insured property. 29 ALR2d 720.

foreign corporation, for appointment of an umpire in connection with adjustment of fire loss. From order appointing umpire, defendant appeals. Affirmed.

*Philip Weiss* and *Jesse R. Bacalis,* for plaintiffs.

*Adams & Wade* (*Ralph H. Adams,* of counsel), for defendant.

OTIS M. SMITH, J. This is an appeal from an order appointing an umpire. On May 18, 1961, premises owned and occupied by plaintiffs and appellees were damaged by fire. The defendant and appellant insurance company had in full force and effect on that date a certain standard form fire insurance policy. On June 29, 1961, the company received an appraisal notice, together with a proof of loss, from the insured. The company acknowledged receipt of the proof of loss and the appraisal notice on July 6, 1961. At the same time the company rejected the request of the insured to submit the fire loss controversy to appraisal. Thereafter, the insured filed a petition for the selection of an umpire in the circuit court for the county of Wayne, to which an answer was filed on July 20, 1961. On August 2, 1961, an order was entered by the circuit judge appointing an umpire, from which order the company now takes its appeal.

The fire insurance policy which covered the premises is known as the Michigan standard policy and is set forth in CLS 1956, § 500.2832 (Stat Ann 1957 Rev § 24.12832). The crucial provision of said contract reads as follows:

"It shall be optional with this company to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving

notice of its intention so to do within 30 days after the receipt of the proof of loss herein required."

Appellant argues that the order appointing the umpire was premature in that the company had 30 days from the date of service of proof of loss to make its election either to repair the damaged property or to pay to the insured the amount of the loss. The company points out that the proof of loss having been received on June 29, 1961, it had until July 28, 1961, to exercise its option. The appendix shows that the insured filed their petition on July 11, 1961, and that an order was entered on August 2, 1961. It is not claimed, nor does the record disclose, that the company indicated, in any way, its exercise of the option within the 30-day period permitted under the terms of the policy. The filing of the petition for the selection of an umpire by the insured did not operate, of itself, to suspend the exercise of the option on the part of the company. Not having complied with the terms of its policy, appellant is not now in a position to attack successfully the order of August 2d.

It is not necessary to decide other questions raised, including whether or not the order appointing an umpire, under the circumstances presented, is appealable.

Affirmed, with costs to appellees.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, and ADAMS, JJ., concurred with OTIS M. SMITH, J.

BLACK, J. (*for dismissal of appeal*). I would dismiss this appeal for want of application and grant of leave, as I would have done when plaintiffs' first motion to dismiss it came to abortive consideration last December. Even under the amendment of section 1 of Court Rule No 60 (1945), effective Decem-

ber 1, 1961 (364 Mich xiv),* appeal from an order such as the majority reviews here may not as before be claimed of right. The majority opinion exhibits full well that here, again, too much of the Court's time is wasted upon trifling and nonconsequential matters of an interlocutory nature, all with deleterious effect upon the really important task the Constitution has assigned us, that is, the making of stable and carefully considered legal precedents.

The failure of an appellate court to enforce its own rules means there are no rules excepting as variable discretion and the day-to-day state of judicial disposition may incline that court. Such, manifestly, is the oft-deplored government by men rather than law. For direct illustration, examine our record of indecision shown in *Lee* v. *Employment Security Commission,* 346 Mich 171, 179, 180 and *Rowe* v. *State Highway Commissioner,* 366 Mich 151. Now, in the case before us, an even more censurable illustration comes as it must to exhibition in our reports.

Judge Neuenfelt's order of August 2, 1961, exhibits the judicious discretion of a statutory minister only and prejudices no right this insurer may not plead defensively and issuably when and if its treasury is threatened by suit on the policy; a suit plaintiffs could not start and cannot start "unless all the requirements of this policy have been complied with," including the requirement of appraisal with participation of a duly appointed umpire. Now, all this in focus, consider what these thoroughly whipsawed plaintiffs are up against on account of our failure to timely dismiss defendant's said appeal on the 2 separate occasions when plaintiffs pleaded that we do so. The next to last of the "provisions, stipulations and agreements" set forth in the standard form

---

* See discussion of this question in *Bedwell* v. *Employment Security Commission,* 367 Mich 415, handed down herewith.

(CLS 1956, § 500.2832 [Stat Ann 1957 Rev § 24-.12832]) provides:

*"Suit.* No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."

Plaintiffs' loss having been sustained May 18, 1961, and there having been no appraisal and so no award to date on account of defendant's unauthorized appeal, it seems to me that this Court owes plaintiffs a confession of error with token reference to that law of waiver and estoppel which bars a plea of limitation when conduct renders the plea inequitable. See *St. Matthews Lutheran Church* v. *United States Fidelity & Guaranty Co.,* 222 Mich 256, and *Scarborough* v. *Atlantic Coast Line R. Co.* (CCA 4), 178 F2d 253 (15 ALR2d 491), certiorari denied 339 US 919 (70 S Ct 621, 94 L ed 1343); also 34 Am Jur, Limitation of Actions, § 411, p 323.

I would dismiss defendant's appeal.

KAVANAGH, J. (*concurring*). I concur in the opinion of Justice OTIS M. SMITH. Our error occurred on October 5, 1961, prior to the amendment of section 1 of Court Rule No 60, effective December 1, 1961 (364 Mich xiv). By the adoption of such rule we impliedly agreed to sustain prior action of the Court.