EBERTS CADILLAC CO. *v.* MILLER.

1. CORPORATIONS—PAYMENT OF ANNUAL PRIVILEGE FEE—PERIOD OF GRACE—DEFAULT—LIABILITY OF OFFICERS.
   Liability of officers for debts of corporation contracted during period of default in filing of reports as required by statute does not attach during the 10-day period of grace allowed by statute after time designated by statute as time for filing of report and payment of annual privilege fee, hence, action commenced within 2 years of expiration of grace period was timely (CL 1948 and CLS 1956, §§ 450.82, 450.87, 450.90, 450.91).

2. APPEAL AND ERROR—DENIAL OF MOTION TO DISMISS—LEAVE TO APPEAL—COURT RULES.
   Leave to appeal from an order denying motion to dismiss suit is considered as having been granted, where fact that leave

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur, Corporations § 1057.
[2] 4 Am Jur 2d, Appeal and Error § 309.

to appeal had not been sought or obtained was not brought to the attention of the Supreme Court until case was ready for final argument and submission and counsel for appellee joined in the preparation of the appendix filed in the case without having raised any question as to the propriety of the appeal notwithstanding specific provisions of court rules controlling appeals, and it does appear that decision on the merits disposes of the controversy (GCR 1963, 806).

BLACK, KAVANAGH, and SOURIS, JJ., for dismissal of appeal.

Appeal from Osceola; Stephens (Rupert B.), J. Submitted December 4, 1963. (Calendar No. 111, Docket No. 50,300.) Decided December 27, 1963.

Action by Eberts Cadillac Co., a Michigan corporation, against Jack Miller, James Miller, and Joseph Lynch to enforce statutory personal liability as officers of corporation failing to file reports. Motion to dismiss denied. Defendants appeal. Affirmed.

*Jack R. Clary,* for plaintiff.

*Joseph C. Lynch,* for defendants.

CARR, C. J. This action was commenced in circuit court on May 21, 1962, to enforce the alleged liability of the defendants as officers of a corporation known as Chewning Motors, Inc. The declaration filed in the cause set forth the incorporation of Chewning Motors, further asserting that defendants Miller were vice-presidents thereof and that defendant Lynch was the secretary at the time the indebtedness was incurred, according to the 1959 annual report of the corporation. As the basis for such liability plaintiff averred that said report was the last one filed by Chewning, which discontinued business in 1961.

Under pertinent provisions of the Michigan general corporation act[1] it was the duty of the corporation to file its annual report each year on May 15th. Having failed to do so for the years 1960 and 1961, the corporation was in default during the period, in which in the course of the business it was continuing, it became indebted to the plaintiff in the sum of $946.75 on open account and the further sum of $8,864.56, the latter amount being evidenced by 2 checks given by the corporation in payment for 2 Cadillac automobiles purchased from the plaintiff. The pleading alleged that on presentment for payment the checks were returned for insufficient funds and that neither obligation had been satisfied. Plaintiff, therefore, claimed the right to recover against the defendants under the statute in the sum of $9,811.31.

Defendants filed motion to dismiss the case on the alleged ground that under section 90[2] of the corporation act it was not seasonably brought, in that the filing of the suit was more than 2 years after the alleged neglect or refusal of defendants to make and file the report. The question presented was, in consequence, whether such period of default began on May 15, 1960, or on May 25th of said year, the statute expressly permitting 10 days of grace from and after the date for filing as specified within which to file the annual report and make payment of the statutory fees required. The motion to dismiss was denied by the circuit judge before whom it was heard, and defendants filed claim of appeal from the order entered. The case has been submitted to us on a joint appendix filed by the parties, and on briefs and oral arguments.

---

[1] PA 1931, No 327, as amended (CL 1948, § 450.1 *et seq.*, as amended [Stat Ann 1963 Rev § 21.1 *et seq.*]).
[2] CL 1948, § 450.90 (Stat Ann 1963 Rev § 21.90).—Reporter.

Involved in the determination of the question on the merits are certain sections of the corporation act. The filing of the annual report on May 15th of each year, and the payment of a filing fee and a privilege fee, is required by section 82 of the general corporation act (CLS 1956, § 450.82 [Stat Ann 1963 Rev § 21.82]). Section 87 of the act (CL 1948, § 450.87 [Stat Ann 1963 Rev § 21.87]) reads as follows:

"Failure to file report; suspension of powers, liability of director or trustee. (1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of State shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this State upon any contract entered into during the time of such default; but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business. Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

Basically the query is as to the significance of the provision of the above section providing for the 10 days of grace within which the report may be filed after May 15th of each year. On behalf of plain-

tiffs it is insisted that the trial court was correct in holding that the period of default on the part of the corporation, referred to in the final sentence of the section quoted, begins at the expiration of such 10-day period. It is contended, in substance, that such added length of time being expressly allowed for compliance with the statutory requirement there can be no default until the expiration thereof. Under such interpretation the present suit was seasonably instituted. Appellants argue that the corporation was in default from and after the 15th of May, 1960, and that, in consequence, the filing of the suit now before us on May 21, 1962, was too late. On such premise it is argued that the trial judge was in error in denying the motion to dismiss.

The effect of the inclusion in the statute of the provision for the additional period of 10 days within which to file the annual report was before this Court in *Vulcanized Products Co.* v. *Bender,* 202 Mich 346. Involved there was a provision of PA 1915, No 142 (CL 1915, § 9028), providing for the filing of the annual report of a corporation subject to the act within 60 days after the close of the fiscal year, with the further provision that should such corporation continue in default for 10 days thereafter its corporate powers should be suspended. Liability for debts during the period of the default was imposed on directors of any corporation in default who had neglected or refused to join in the making of the report. In that case the annual report of the corporation of which defendants had been directors for the fiscal year ending June 30, 1912, was filed on September 11th thereafter. Suit against the directors was instituted September 25, 1914. The question at issue was whether defendants were liable for debts contracted during the 70-day period following the expiration of the fiscal year or only for debts contracted after the expiration of such period and

during default. The trial court rendered judgment in favor of the defendants, and this Court affirmed. The basis for such holding is indicated in the following language from the opinion of the Court:

"No portion of the debt for which suit was brought was contracted between the 8th day of September (the last day upon which the report could properly have been filed), and the 11th day of September, the day upon which it was actually filed. The question is presented whether the period of 'such neglect or refusal' starts at the end of the fiscal year or is to be computed from the expiration of the 70 days allowed by the statute within which the directors may properly file their report. It seems clear that the directors are not in default during any of the time allowed by the statute for filing, and that their 'neglect or refusal' commences only after the days of grace have expired."

The Court in the above case referred to the prior decision in *Reuter Hub & Spoke Co.* v. *Hicks,* 181 Mich 250, pointing out that said case was determined under a prior statute imposing a greater measure of liability, than did the act of 1915, on directors of a corporation failing to seasonably file its annual report; it being held that the liability continued notwithstanding the subsequent curing of the default by the filing of the required report, and was subject to enforcement accordingly. Obviously such is not the situation under the present Michigan general corporation act.

We think that the reasons underlying the decision of the Court in *Vulcanized Products Co.* v. *Bender, supra,* are controlling here. Appellants cite and rely on the decision in *A & A Asphalt Paving Company* v. *Pontiac Speedway, Inc.,* 363 Mich 634. Said case involved primarily the right to recover on the basis of alleged fraud. An apparent attempt to enforce

the statutory liability of 1 of the defendants as an officer of a corporation failing to file its annual reports was not properly or seasonably raised. Of interest also is the discussion in *Industrial Coordinators, Inc.*, v. *Artco, Inc.*, 366 Mich 313. There the appellant apparently conceded that the default of the corporation involved dated from the end of the period of grace.

Inasmuch as the order denying the motion to dismiss the suit was not a final order defendants were not entitled to appeal therefrom as a matter of right. The provisions of GCR 1963, 806 are specific and are controlling with reference to appeals to this Court. The situation here involved was not, however, called to the attention of this Court until the case was ready for final argument and submission. Counsel for appellants stated on such argument that he thought that the obtaining from the circuit judge of a certificate as to the amount involved in the case furnished a basis for filing the claim of appeal. Such conclusion was not well-founded. However, counsel for plaintiff joined in the preparation of the appendix filed in the case, and at no time raised any question as to the propriety of the appeal. Based on the circumstances surrounding the matter it is a fair inference that the disposition of the legal question involved is controlling as to the right of the plaintiff to recover against defendants. We think it proper to consider that leave to appeal has been granted to appellants and to determine the question raised on its merits. Such action, however, must not be interpreted as indicating any intention on the part of the Court to permit violations of the rule governing the duty to obtain leave to appeal in the instances specified therein. We take the action here, as indicated, on the basis of its being dispositive of the controversy before us.

The trial judge having properly determined the matter before him, the order entered is affirmed.

DETHMERS, KELLY, SMITH, and O'HARA, JJ., concurred with CARR, C. J.

SOURIS, J. (*for dismissal of appeal*). I do not join other members of this Court in their consideration and decision on the merits of this concededly improper appeal.

Leave to appeal from denial of a motion to dismiss is required by GCR 1963, 806. That rule was adopted by this Court because time does not permit appellate review of all decisions made in our trial courts. Failure to insist upon full compliance with this rule in this case adds to our presently overwhelming work load. Furthermore, the time this case improperly before us already has taken in review of the briefs and appendix, in conference discussion, in listening to oral argument, in the preparation of these opinions, and in their consideration, is time stolen from litigants with a legitimate right to command the appellate attention of this Court.

This appeal should have been dismissed before argument on the Court's own motion in fairness to those appellants properly before us, some of whom traveled the troublesome path to granted leave disdained by these appellants.

I would dismiss this appeal, but I would not award costs, appellee having failed to bring the matter of appellants' disregard of our appellate rules to the Court's attention.

BLACK and KAVANAGH, JJ., concurred with SOURIS, J.

BLACK, J. (*for dismissal of appeal*). I agree with Justice SOURIS.

"There is new or novel learning here. All that is required is judicial willingness to enforce our appellate rules with due uniformity so that the designed equal protection thereof is provided for all having business in this Court. It is not right that 1 appellant, here and there amongst hundreds of rule-compliant others, may evade the work and the risk of due application for leave to appeal by appealing bodaciously without leave." (*Rowe* v. *State Highway Commissioner*, 366 Mich 151 at 158.)

The practice of appeal to this Court, upon claim of right when there is no such right, has become habit. Why? Because this Court by its own slovenly wont continues to encourage such habit (see *In re Fitch Drain No. 129*, 346 Mich 81, 90, 95; *Lee* v. *Employment Security Commission*, 346 Mich 171, 179; *Detroit Trust Co.* v. *Blakely*, 359 Mich 621; *Rowe* v. *State Highway Commissioner, supra*).

This comfortable pick-and-choose indulgence of certain appellants breeds sloppy practice and, on too many occasions, wholly insufficient presentations on appeal. Too, it constitutes a standing suggestion for agreeing counsel that the defeated party may proceed to claim an appeal of right with understanding that the prevailing party will refrain from motion; all with expectation that the Court will fail to perceive and act until a majority of its members deem themselves "duty-bound to decide" because the Court has "accepted and maintained jurisdiction" (the expressions are taken from the separate opinion of Justices SMITH and O'HARA in *Superx Drugs Corporation* v. *State Board of Pharmacy*, 372 Mich 22 at 61).

In this case of Eberts, no member of the Court attempts to justify what amounts to continued special privilege for some; others meanwhile complying with the drudgery of preparing and presenting applications for leave and then running risk of denial.

That the appeal should be dismissed is clear. I vote accordingly.