TRANS PLASTIC, INC. v CONSER CONSTRUCTION COMPANY

1. Limitation of Actions—Corporations—Statutes—Filing of Corporate Report—Default.

   The two-year statute of limitations for filing an action against the officers of a corporation for liability on a contract entered into while the corporation was in default of filing its annual corporate report, contained in a former statute, did not begin to run until after the expiration of a grace period for filing the annual report (MCLA 450.87; 450.90).

2. Judgment—Accelerated Judgment—Court Rules—Questions of Fact.

   The requirements for the granting of an accelerated judgment were not met where there was disagreement between the parties regarding the making of a contract and the date upon which the defendant's default in filing a corporate report was terminated; a court rule requires a hearing of any disputed questions of fact (GCR 1963, 116.3).

Appeal from Washtenaw, Patrick J. Conlin, J. Submitted Division 2 May 9, 1974, at Lansing. (Docket No. 18093.) Decided June 27, 1974. Leave to appeal denied, 392 Mich 798.

Complaint by Trans Plastic, Incorporated, an Ohio corporation, against Conser Construction Company, a Michigan corporation, Hugh P. Conser, Gerard Matuszak, and Maureen Conser, to enforce an Ohio judgment against Conser Construction Company, and to obtain personal judgments against the other defendants. The Ohio judgment against the corporate defendant was upheld, and accelerated judgment granted for the

References for Points in Headnotes
[1] 51 Am Jur 2d, Limitation of Actions §§ 59, 154.
[2] 73 Am Jur 2d, Summary Judgment § 26.

individual defendants. Plaintiff appeals. Reversed and remanded.

*Hooper, Hathaway, Fichera, Price & Davis,* for plaintiff.

*Gerard J. Matuszak, in propria persona.*

*Bilakos & Hanlon,* for defendants Conser Construction Company and Hugh P. Conser.

Before: BRONSON, P. J. and HOLBROOK and O'HARA,* JJ.

PER CURIAM. Plaintiff, an Ohio corporation, brought suit in Michigan to enforce an Ohio judgment against the corporate defendant, Conser Construction Company. Plaintiff also sought to obtain personal judgments against the individual defendants as officers of the debtor corporation.[1] The obligation of the officers is asserted upon the authority of MCLA 450.87; MSA 21.87[2] holding officers personally liable for debts contracted during a period of default in the filing of an annual corporate report. The trial judge granted an accelerated judgment in favor of the individual defendants, granted full faith and credit to the Ohio judgment against the corporation, and dismissed plaintiff-appellant's complaint.

We direct our initial review to the defendants'

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The parties apparently agree that defendant Maureen B. Conser, a director but not an officer of the corporation, is not liable. *See: Adams v E M Burke Homes, Inc,* 14 Mich App 578, 583–584; 166 NW2d 34 (1968).

[2] This section is now found in two sections of the Business Corporation Act. MCLA 450.1921; MSA 21.200(921) and MCLA 450.1923; MSA 21.200(923). The provision making officers liable for debts was not incorporated in the new Business Corporation Act.

claim that the plaintiff's action is barred by the two-year limitation period found in MCLA 450.90; MSA 21.90.[3] This argument is without merit. The two-year limit begins after the period of grace for filing and this action was timely commenced within this two-year period. *See: Eberts Cadillac Co v Miller,* 372 Mich 172; 125 NW2d 306 (1963).

The remaining question is the liability of the corporate officers. Both parties have argued the merits of when and if a contract was made during the period of default. The parties also disagree on when the period of default was terminated.

This decision is here on appeal of an accelerated judgment, GCR 1963, 116. Section 3 of GCR 116 provides:

".3 Affidavit Hearing; Immediate Trial. Any defense or objection raised under this rule, whether in a responsive pleading or by motion, may be noticed for hearing by either party as if raised by motion. Affidavits or other evidence may be submitted by either party to support or oppose the grounds asserted in the pleading or motion, and in every case where the grounds asserted do not appear on the face of the pleading attacked, the demand shall be supported by affidavits or other evidence filed with the pleading or motion. As to defenses and objections based upon (1), (2), (3), or (4) in sub-rule 116.1, the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment upon the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits. As to defenses and objections based upon sub-rule 116.1(5), the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, and

---

[3] This section is now found in MCLA 450.1923; MSA 21.200(923).

shall postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing."

The requirements of this section were not met. There was no trial, only a brief five-page motion hearing and subsequent opinion by the trial judge. A trial is required. In *Lake States Engineering Corp v Lawrence Seaway Corp,* 15 Mich App 637, 642–643; 167 NW2d 320 (1969), Judge (now Justice) LEVIN stated:

"The question of when and where the parties became contractually bound depends on their intention as manifested by their verbal statements and conduct in the light of all the circumstances. * * * Furthermore, the question could not be decided without a trial hearing * * * ." [Footnotes omitted.] *Lake States, supra,* at 642–643.[4]

Defendants also attack the Ohio judgment. This question was raised for the first time on appeal. We note that in the trial court the judgment was assumed to be valid. We will not consider such unpreserved issues, especially where the resolution hinges on factual determinations from a record wherein no evidence on the issue has been presented.

Accordingly, the judgment of the trial court is vacated, the plaintiff-appellant's complaint is reinstated, and the matter is remanded for trial on the merits. To avoid any possible prejudice to the parties due to the premature finding of the trial

[4] *See, also:* MCLA 440.1201(3); MSA 19.1201(3) (agreement), MCLA 440.1201(11); MSA 19.1201(11) (contract), MCLA 440.1103; MSA 19.1103 (supplementary general principles of law applicable); MCLA 440.2102; MSA 19.2102 (scope), MCLA 440.2106(1); MSA 19.2106(1) (contract-agreement), MCLA 440.2204; MSA 19.2204 (formation). Because the question is not before us we express no opinion on the applicability of the Uniform Commercial Code *vis-a-vis* the common law of contracts.

court another circuit judge shall be appointed for the trial of this cause.

Reversed and remanded. Costs to plaintiff-appellant.

BRONSON, J., did not participate.