STATE HIGHWAY COMMISSIONER *v.* GOODMAN.

1. EMINENT DOMAIN—EXPERT WITNESS FEES—CONSTRUCTION OF STATUTES—EQUALLY DIVIDED COURT.
   Construction of statutory provision empowering a trial judge to allow "attorney fees and witness fees" in proceedings to condemn land for highway purposes so as to permit inclusion of expert witness fees is affirmed by an equally divided court (CL 1948, § 213.190).

2. COSTS—PUBLIC QUESTION—EXPERT WITNESS FEES.
   No costs are allowed in proceedings to condemn land for highway purposes, where sole question involved related to whether or not expert witness fees were allowable under pertinent statute, it being a public question (CL 1948, § 213.190).

Appeal from Berrien; Robinson (Thomas N.) J. Submitted January 17, 1957. (Docket No. 67, Calendar No. 46,580.)  Decided July 31, 1957.

———————————————————

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 1160.

· Condemnation proceedings by Charles M. Ziegler as State Highway Commissioner of property owned by Dora B. Goodman and Switzer Real Estate .Corporation, a Michigan corporation. As part of taxable costs defendants were granted expert witness fees. Plaintiff appeals. Affirmed by an equally divided court.

*Thomas M. Kavanagh,* Attorney General, *Edmund E.·Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Victor H. Meier,* Assistants Attorney General, for plaintiff.

*Gray, Gray & Globensky,* for defendants.

EDWARDS, J. (*for reversal*). The facts in this case are simple. The plaintiff, State highway commissioner, condemned various parcels of property belonging to the defendants for State highway purposes under the·State statute authorizing such action, being PA 1925, No 352 (CL 1948, § 213.171 *et seq.* [Stat Ann and Stat Ann 1955 Cum Supp § 8.171 *et seq.*]). In the course of the condemnation suit before the commissioners who took the testimony, ·defendants employed certain witnesses to give expert testimony as to the value of their property. Subsequent thereto, on motion by defendants-appellees herein, the circuit judge who had appointed the hearing commissioners entered orders for the payment of witness fees to defendants-appellees' expert witnesses at the rate of $75 per day.

The first, and, under this opinion, the sole question involved is whether his orders are valid under the language of the particular section of the statute referred to. which fixes upon the court the duty of making "an allowance to the person * * * from whom property is taken for attorney fees and witness fees as taxed before and determined by the

court."* Plaintiff-appellant contends that the words "witness fees" authorize payment of statutory witness fees only. Defendants-appellees claim that this language authorized the payment of expert witness fees over and above such ordinary witness fees.

At common law no right to recover the cost of litigation existed. 14 Am Jur, Costs, § 5 *et seq.*; 20 CJS, Costs, § 2, p 259; 52 Mich L Rev 112. Nor is there any inherent power in the circuit court to tax the costs of litigation against one of the parties in the absence of statute or court rule. *Hester* v. *Commissioners of Parks & Boulevards of Detroit*, 84 Mich 450; *Joy* v. *Ingham Circuit Judge*, 204 Mich 41.

Generally, it is held that the expenses of litigation are taxable against one of the parties only by specific statutory authority, and then only to the extent of that statutory authority. Thus, American Jurisprudence says:

"Provision is usually made by statute for the payment of witness fees and expenses in civil actions, and a witness is entitled to no further compensation than that which the statutes provide." 58 Am Jur, Witnesses, § 875, p 501.

And in *Blair* v. *United States*, 250 US 273, 281 (39 S Ct 468, 63 L ed 979), the supreme court said as follows:

"In all of these provisions, as in the general law upon the subject, it is clearly recognized that the giving of testimony and the attendance upon court or grand jury in order to testify are public duties which every person within the jurisdiction of the government is bound to perform upon being properly summoned, and for performance of which he is entitled to no further compensation than that which the statutes provide."

---

* CL 1948, § 213.190 (Stat Ann 1955 Cum Supp § 8.191).—REPORTER.

Michigan has consistently adhered to the rules recited above. Thus, in a condemnation proceeding where there was no statutory authority for awarding either witness or attorney fees, the Court refused mandamus to compel payment of such costs. *Hester* v. *Commissioners of Parks & Boulevards of Detroit, supra.* Where, in the instance of a condemnation statute authorizing payment of "the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts of this State," ordinary witness and attorney fees were awarded by the Court in *Dorland* v. *Judge of Superior Court,* 78 Mich 182.

See, also, *In re Petition of Consumers Power Co.,* 335 Mich 360.

It should be noted that prior to 1919 in suits at law in the circuit court, expert witness fees were not taxable against the losing party even though the payment of such fees was regulated by statute. *Joy* v. *Ingham Circuit Judge, supra.*

Legislative amendment to allow taxation of expert witness fees in proceedings before the circuit court followed the above-cited decision handed down December 27, 1918.

"No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case. Any such witness who shall directly or indirectly receive a larger amount than such award, and any person who shall pay such witness a larger sum than such award, shall be guilty of contempt of court, and on conviction thereof be punished accordingly." CL 1948, § 617.69 (Stat Ann § 27.918).

With the language of the judicature act, amended as noted above, a subsequent holding of this Court approved the taxation of expert witness fees in *Department of Conservation* v. *Connor,* 321 Mich 648, since the condemnation statute there considered authorized payment of "the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts." CL 1948, § 213.37 (Stat Ann § 8.27). It should be noted that this language is significantly absent from the highway condemnation act which we here interpret.

We turn now to the statute under which the instant proceeding was brought. Originally, the highway condemnation act provided for payment of no expenses at all to the party whose land was condemned. The statute originally provided:

"After the court shall confirm the report of the court commissioners, it shall enter an order authorizing the commissioner or commissioners to pay the several sums awarded for damages, and they shall pay the same accordingly. Such payment shall be made in money or by an order drawn on the proper township, county or State treasurer, to the several persons entitled thereto, and if refused, or if there be no person properly authorized to receive the same, or if the person entitled thereto is a nonresident of the county or cannot be found, it shall be deposited as directed by the court." CL 1929, § 3903.

By PA 1937, No 237, the statute was amended to read:

"After the court shall confirm the report of the court commissioners, it shall enter an order authorizing the commissioner or commissioners to pay the several sums awarded for damages, and they shall pay the same accordingly. The court may determine and include in said order an allowance

to the person, partnership or corporation from whom property is taken for fees and expenses as determined by the court. Such attorney fees and expenses shall be paid at the same time and in the same manner as sums awarded for damages in such proceeding. Provided, That it shall not be lawful for the court to make such order allowing witness and attorney fees to more than 1 title interest and 1 lien interest in any single parcel of real estate as set up and described in the determination of necessity on file. Such payment shall be made in money or by an order drawn on the proper township, county or State treasurer, to the several persons entitled thereto, and if refused, or if there be no person properly authorized to receive the same, or if the person entitled thereto is a nonresident of the county or cannot be found, it shall be deposited as directed by the court."

In 1941 the current language was adopted, effective January 10, 1942, in PA 1941, No 279:

"After the court shall confirm the report of the court commissioners, it shall enter an order authorizing the board or commissioner to pay the several sums awarded for damages, and they shall pay the same accordingly. The court may determine and include in said order an allowance to the person, partnership or corporation from whom property is taken for attorney fees and witness fees as taxed before and determined by the court. Such attorney fees and witness fees shall be paid at the same time and in the same manner as sums awarded for damages in such proceeding: Provided, That it shall not be lawful for the court to make such order allowing witness and attorney fees to more than 1 title interest and such lien interests as are adverse thereto and to each other in any single parcel of real estate as set up and described in the determination of necessity on file: And provided further, That in the case of a parcel whose value is under $100, no such attorney fee shall exceed $5, and in

the case of a parcel valued at $100 or more, no such attorney fee shall exceed $25. Such payment shall be made in money or by an order drawn on the proper county or State treasurer, to the several persons entitled thereto, and if refused, or if there be no person properly authorized to receive the same, or if the person entitled thereto is a nonresident of the county or cannot be found, it shall be deposited as directed by the court." CL 1948, § 213.190 (Stat Ann 1955 Cum Supp § 8.191).

It is interesting to note that the 1937 amendment which first allowed any form of witness fees for condemnation cases under the currently considered act was long antedated by the language of the judicature act upon which the trial judge appears to have relied. See CL 1948, § 617.69. This section, PA 1915, No 314, ch 17, § 69, a part of the judicature act (superseded PA 1905, No 175, § 1), became CL 1915, § 12557, and was amended by PA 1919, No 404, to its present form and became CL 1929, § 14223.

It is apparent from this fact that the legislature never considered the language of the judicature act as applicable to the highway condemnation statute as far as payment of witness fees was concerned. Indeed, the language of the judicature act is itself prohibitory:

"No expert witness shall be paid  *  *  *  a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum." CL 1948, § 617.69 (Stat Ann § 27.918).

The statute under which the instant condemnation proceedings were brought (CL 1948, § 213.171 *et seq.* [Stat Ann and Stat Ann 1955 Cum Supp § 8.171 *et seq.*]) provides for taking of all testimony before commissioners, and the instant expert witnesses, as far as this record discloses, never appeared before the court which ordered expert fees.

In addition to reliance upon the expert witness fee section of the judicature act previously referred to, the trial judge found a legislative intent to authorize fees for expert witnesses in the language of PA 1921, No 377, § 23 (CL 1948, § 281.23 [Stat Ann § 8.123]):

"Officers, jurors and witnesses in any proceedings under this act shall be entitled to receive from the county instituting the proceedings, the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts of this State."

As to the above-quoted language of PA 1921, No 377, we agree that this language authorizes the payment of expert witness fees, but this act pertains to condemnation for the purpose of maintaining lake levels.

We see no basis, within the ordinary rules pertaining to interpretation of legislation, for holding this language applicable to condemnation proceedings under PA 1925, No 352, pertaining to highway condemnation. On the contrary, it appears that this language, having previously been used by the legislature, in several instances in other condemnation acts,* was known and readily available to the legislature in 1941 at the time it last considered witness fees under PA 1925, No 352. Indeed, if this wording in other statutes has any bearing upon our current discussion, it would appear to indicate an intention on the part of the legislature not to liberalize the witness fee provisions to include expert witness fees in the instant act.

In addition, a reading of the section of the statute which we are here seeking to interpret shows an intention toward limitation of fees, which would not be consistent with the more generous interpretation

* See CL 1948, § 213.37 (Stat Ann § 8.27); CL 1948, § 213.87 (Stat Ann § 8.59); CL 1948, § 213.131 (Stat Ann § 8.91).

by the trial judge. The same section of the act specifically allows a maximum of $5 attorney fee when the condemnation award is under $100, and a maximum attorney fee of $25 where the amount exceeds $100. Attorneys often attend condemnation trials from the beginning to the end, and in some instances fair compensation could not be measured in many times the limited amount provided for legal fees by the statute.

The language of the act currently before us, plus the history of its enactment in relation to the other acts previously discussed, leaves no doubt in our mind that the legislature in providing an allowance for "witness fees" in PA 1925, No 352, intended ordinary witness fees as governed by PA 1915, No 314, ch 48, § 3, as amended (CLS 1954, § 648.3 [Stat Ann 1955 Cum Supp § 27.2557]).

It is, of course, true that in order to do complete equity to private parties whose property is condemned for highway purposes, it would be necessary for provision for reasonable expert witness fees to be made. The remedy for the situation presented in this case, however, appears to lie in legislative hands, particularly in view of the language of the Michigan Constitution of 1908, art 13, § 1:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law."

The orders appealed from should be reversed in accordance with this opinion and remanded to the trial court for the taxing of costs consistent herewith. A public question being involved, no costs will be allowed on appeal.

DETHMERS, C. J., and KELLY and CARR, JJ., concurred with EDWARDS, J.

BLACK, J. (*for affirmance*). By this appeal we are asked to interpret section 20 of the highway condemnation act (CL 1948, § 213.190 [Stat Ann 1955 Cum Supp § 8.191]). The section appears at margin.* Appellant says that the italicized portion does not authorize judicial determination and taxation of allowances for witness fees exceeding "ordinary" fees in amount. Appellees say it does. So did the trial judge. I agree with him.

The legislature, had it intended by section 20 to limit the scope of allowable witness fees to such as are known to the profession—and to the legislature as well—as "ordinary" witness fees, undoubtedly would have inserted the word "ordinary," before "witness fees," just as it did in section 69 of chapter 17 of the judicature act (CL 1948, § 617.69 [Stat Ann § 27.918]) when differentiating such ordinary fees from additional allowances for experts. Further, and if the legislature by said section 20 did mean to ordain that the allowance be limited to "ordinary" fees, it is something more than remarkable that the words "as taxed before and determined

---

* Sec. 20. After the court shall confirm the report of the court commissioners, it shall enter an order authorizing the board or commissioner to pay the several sums awarded for damages, and they shall pay the same accordingly. *The court may determine and include in said order an allowance* to the person, partnership or corporation from whom property is taken *for attorney fees and witness fees as taxed before and determined by the court.* Such attorney fees and witness fees shall be paid at the same time and in the same manner as sums awarded for damages in such proceeding: Provided, That it shall not be lawful for the court to make such order allowing witness and attorney fees to more than 1 title interest and such lien interests as are adverse thereto and to each other in any single parcel of real estate as set up and described in the determination of necessity on file: And provided further, That in the case of a parcel whose value is under $100, no such attorney fee shall exceed $5, and in the case of a parcel valued at $100 or more, no such attorney fee shall exceed $25. Such payment shall be made in money or by an order drawn on the proper county or State treasurer, to the several persons entitled thereto, and if refused, or if there be no person properly authorized to receive the same, or if the person entitled thereto is a nonresident of the county or cannot be found, it shall be deposited as directed by the court.

by the court" were chosen to implement its phrasing since taxation of "ordinary" witness fees is ministerial, rather than judicial, subject to appeal to and review by judicial authority, and requires no judicial determination of amount. As was said by Mr. Justice CAMPBELL, writing for the Court in *Abbott* v. *Mathews,* 26 Mich 176, 178:

"It is claimed taxation is a judicial act, and that by the Constitution, none but courts can exercise the judicial power. The judicial power, properly so called, has never been vested anywhere but in courts. But courts have never spent their time in taxing bills of cost, unless upon appeal from the taxation made by some ministerial officer. This business is nothing more than the exercise of a ministerial power, involving to some degree, the use of judgment and discretion, like that of auditing officers, and it has never been imposed, in the first instance, on any court of record."

Now, by said section 20, the legislature ordains that *an allowance* for "attorney fees and witness fees"—if allowed at all— is to be *determined and taxed judicially.* In these circumstances, are we obliged to read into its enactment intention that the judicial determination as authorized is no more than the ministerial function our clerks ordinarily perform? Why the occasion for invocation of judicial determination if judicial discretion be not applied to the process? What, indeed, is the court authorized to "determine," so far as witness fees are concerned, if not the amount thereof?

To recapitulate: The statute grants to the court authority to determine the amount of "an allowance" for attorney fees and witness fees and to tax such amount against the condemner. It sets maximum limits on judicial determination and allowance of attorney fees, but none as to witness fees save only as qualified by the words "1 title interest  *  *  *  in any

single parcel of real estate." Its apparent purpose is that of making the condemned party reasonably whole, so that he lose nothing expensewise in the course of attending judicially his right to just compensation. That the legislature may constitutionally so provide is shown in the genesis of the rule given in *Department of Conservation* v. *Connor,* 316 Mich 565, at page 582. I refer to *Dohany* v. *Rogers, State Highway Commissioner of Michigan,* 281 US 362, (50 S Ct 299, 74 L ed 904, 68 ALR 434), and to the fact of reliance in *Dohany* on *Joslin Manfg. Co.* v. *City of Providence,* 262 US 668 (43 S Ct 684, 67 L ed 1167). In the latter case it was said (pp 676, 677 of report):

"We need say no more than that, while the legislature was powerless to diminish the constitutional measure of just compensation, we are aware of no rule which stands in the way of an extension of it, within the limits of equity and justice, so as to include rights otherwise excluded."

We seek common sense, if at all possible, in the interpretation of statutes.* I think we find that sense by interpreting said section 20 as Judge Robinson did in the court below. I therefore vote to affirm, without costs.

SHARPE, SMITH, and VOELKER, JJ., concurred with BLACK, J.

---

* "It is elementary that the rules of common sense shall apply to the construction of statutes" (*Bay Trust Co.* v. *Agricultural Life Ins. Co.,* 279 Mich 248, 253; and *Kalamazoo Township* v. *Kalamazoo County Clerk,* 339 Mich 619, 635).