STATE HIGHWAY COMMISSIONER *v.* ROWE.

1. EMINENT DOMAIN—DETERMINATION OF WITNESS FEES.
   The court having jurisdiction to confirm the report of commissioner in condemnation proceedings is vested with power to determine the reasonable amount of fees of witnesses the landowner has paid in order to obtain, expensewise, due as well as just compensation for property taken, such determination not involving merely a ministerial function, and allowance for items of preparation and necessary disbursements along with court attendance was proper (CL 1948, § 213.190).

2. SAME—INTEREST ON AWARD—DEPRIVATION OF POSSESSION.
   Circuit judge's determination as a matter of fact that taking of property occurred on February 20, 1961, rather than on March 22, 1962, *held*, supported by record, hence, legal interest on the award, as confirmed, commenced at the earlier date.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted October 10, 1963. (Calendar No. 30, Docket No. 50,084.) Decided March 5, 1964.

Petition by John C. Mackie, State Highway Commissioner, for condemnation of property of Lynn Merlin Rowe, Ruth Rowe, and others for highway purposes. From allowance of certain fees and expenses in award, plaintiff appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Robert L. Krause,* Assistant Attorneys General, for plaintiff.

*L. C. Burch, Jr.,* and *Kenneth H. Hempstead,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 874 *et seq.*
[2] 18 Am Jur, Eminent Domain § 272 *et seq.*

Black, J. Refer to the *Rowe Case* (*Rowe* v. *State Highway Commissioner*, 366 Mich 151). The statutory proceeding considered there has since gone to final determination subject only to issues which arose below on motion of appellees for assessment and payment of expert witness fees, attorney fees and "interest."[1] Such issues are here on appeal, by the State highway commissioner, from the circuit court's order for payment of fees, et cetera, the adjudicatory detail of which appears in the form of an appendix to this opinion.

Appellant's posed questions are:

"Does 'witness fees as taxed' * * * include the cost of preparing real-estate appraisals and expert testimony on behalf of property owners?"

"Does 'just compensation' include interest, in the case in which * * * the property owner during pendency of review of the determination of necessity, in circuit court and Supreme Court, withholds possession of the premises from the condemnor?"

*First:* Stated question 1, restated for the sake of precise precedent, is really whether (under section 20; quoted at margin in *State Highway Commissioner* v. *Goodman*, 349 Mich 311, at 320) the seated court may with sanction of law "determine" the reasonable *amount* of fees—of witnesses—the land owner has paid or incurred to obtain due as well as just compensation, and whether such court may "include in said order an allowance" of that amount in favor of such landowner. This question should be answered in the affirmative for the same reasons as were given by the writer, with respect to the scope and purpose of section 20, in the *Goodman Case, supra* at 320, 321, 322. ·

---

[1] See PA 1925, No 352, § 20 (CL 1948, § 213.190 [Stat Ann 1958 Rev § 8.191]).—Reporter.

· The attorney general does not question the *reasonableness* of the amounts awarded as "fees" of appellees' expert witnesses, and it is not alleged that such witnesses could have given testimony of equal evidentiary value without some preparation and without obtaining certain maps of surveys, the cost of which last the circuit court included in its said order. All such items of preparation and necessary disbursement, the reasonableness thereof having been established and found by the court, are—along with court attendance—a legal part of statutorily allowable "witness fees" and the circuit court did not err in the "allowance" thereof.

It is not amiss to observe generally that few expert witnesses could testify properly or effectively without careful preparation and, on occasion, without necessary disbursement in the course of such preparation. For instance any medical or legal expert, testifying without preparation and confronted by a cross-examiner of competence, would find little comfort in the witness box. More important, his testimony would provide but little light for the trier or triers of fact.

*Second:* Stated question 2 requires similar restatement. In the presented factual context, it is whether interest on a subsequently confirmed award of just compensation commences to run at the time possession is taken by the condemning authority. See, in such connection, *In re Petition of State Highway Commissioner,* 279 Mich 285. The commissioner does not in fact deny that it does.[2] He alleges in-

----

[2] The attorney general's position, for the highway commissioner, is presented this way:

"Under ordinary circumstances, it not only is the right but it is the duty of the commissioner, under the described circumstances, to take possession of the premises and, as a corollary, the commissioner is required to pay interest on the award from the date when the right and duty to take possession arises.

· "Without repeating the facts herein involved, it is obvious that when the determination of necessity, upon the basis of which the com-

stead that he was unable, on account of appellees' wrongful act or acts, to take possession until March 22, 1962; whereas Judge Dondero determined that such possession was taken February 20, 1961. Such determination, purely one of fact upon sufficient testimony, is appended below:

"But I do not feel that under the circumstances I can penalize the property owner for that. I feel that as long as there is a date of taking that has been upheld, that I will have to permit him interest from that date.

"Now what is the date of taking? The only witness involved here as a property owner was Mr. Merlin Rowe who testified he was in Florida and returned to find his land all chewed up. And I believe the date was established by Mr. Rowe as in February. And Mr. Smith verified that, being the State project engineer, and gave the date as February 20 of 1961. Now I feel that there was no actual deprivation here until that date. I will allow February 20, 1961, as the date from which interest at the legal rate will be computed."

I would affirm, with costs of this Court to appellees.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.

## APPENDIX

### (Consisting of adjudicatory portion of appealed order)

"Now therefore, on motion of L. C. Burch, Jr., and Kenneth H. Hempstead, attorneys for the defend-

missioner's right and duty to take possession depends, is challenged by the property owner, and the contractor, in legal effect, is thrown off the premises, and is ordered not to return thereto, an extraordinary situation has been created by the property owner."

ants, Lynn Merlin Rowe, Ruth Rowe, Josephine Rowe, Thomas Spencer Rowe and Marjorie A. Rowe;

"It is hereby ordered that the petitioner, John C. Mackie, State highway commissioner for the State of Michigan, be and hereby is, authorized and directed to pay, or cause to be paid, to the said Lynn Merlin Rowe, Ruth Rowe, Josephine Rowe, Thomas Spencer Rowe, Marjorie A. Rowe, the following items to reimburse them for expert witness fees and preparation costs herein as follows:

| | |
|---|---:|
| Bruce J. Annett, appraiser, for preparation of appraisal and for 1 day of attendance in court as a witness | $650.00 |
| Gordon Ladd, appraiser, for preparation of appraisal and 2 days of attendance in court as a witness | 650.00 |
| James H. Buckerfield, surveyor, for preparation of maps used by defendants' appraisers in preparation of their appraisals | 537.00 |
| Kieft Engineering Company, land surveyors, for preparation of maps of property taken by the petitioner to be used by defendants' appraisers in the preparation of their appraisals | 123.70 |
| Subpoena fees for L. C. Bunyon of the State highway department | 8.75 |
| Statewide Reporting, cost of transcript of commissioner's hearing | 6.00 |
| Attorney fees for 3 interests | 75.00 |
| Subpoena fees on hearing of August 29, 1962, for 5 witnesses, including service and ordinary witness fees | 30.25 |

Total expert witness fees, including preparation costs and attorney fees $2,080.70

"It is further ordered that in addition to the payment of the aforesaid, said petitioner, John C. Mackie State highway commissioner of the State of Michigan, be and hereby is authorized and directed to pay forthwith, or cause to be paid, to the said

Lynn Merlin Rowe, Ruth Rowe, Josephine Rowe, Thomas Spencer Rowe, Marjorie A. Rowe, interest at the rate of 5% per annum on $63,300, the amount of the award herein, for a period from February 20, 1961, the date of the taking as found by the court herein, to the date when payment is made by the auditor general of the State of Michigan."

/s/  STANTON G. DONDERO
Circuit Judge