CITY OF HOLLAND *v.* GREEN.

1. EMINENT DOMAIN—WITNESSES—EXPERT WITNESSES—APPRAISERS
   —FEES.

   Allowing only six hours of chargeable time each for defendant
   condemnees' two expert witnesses was an abuse of trial court
   discretion where each appraiser was allowed two or three hours
   to familiarize himself with the property being condemned, the
   area in which it was situated, comparable sales and for prep-
   aration of his appraisal and the remainder of the time for
   pretrial consultation with defendants' attorney because the stat-
   ute providing ordinary and expert witnesses' expense of prep-
   aration and trial means that the amount to be allowed should
   be reasonable amount for careful preparation (MCLA §
   213.383).

2. EMINENT DOMAIN—WITNESSES—EXPERT WITNESSES—APPRAISERS
   —FEES—REASONABLE COMPENSATION—APPEAL AND ERROR.

   The Court of Appeals, having once reached the conclusion that
   the trial court erred in determining the amount of fees for
   appraisers in a condemnation action, is authorized to change
   the amount allowed to a sum which the appellate court thinks
   will reasonably compensate the appraisers.

Appeal from Allegan, Chester A. Ray, J. Sub-
mitted Division 3 March 5, 1970, at Grand Rapids.
(Docket No. 5,229.)   Decided July 30, 1970.

Complaint by City of Holland against George E.
Green and Loretta Green for condemnation. De-
fendants' motion for award of appraisers' fees

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  27 Am Jur 2d, Eminent Domain § 473 *et seq.*
    58 Am Jur, Witnesses §§ 844–848, 880.

granted.  Defendants appeal the amount awarded.
Remanded for modification of judgment.

*Ten Cate, Townsend & Cunningham,* for plaintiff.

*John B. Nahan,* for defendants.

Before: R. B. Burns, P. J., and Fitzgerald and
Levin, JJ.

Per Curiam. This is a condemnation case and
comes to the Court by leave to appeal.  It involves
taking land by the City of Holland for widening a
street.  The jury below awarded the defendants
$5,000.

After the jury's verdict, the defendants moved to
have their expert witness fees taxed to plaintiff
city.  They asked the lower court to award $1,408.32
to Jack Smith and $1,168.42 to Andrew Johnson for
appraising the value of defendants' property.

The trial court heard the testimony of Johnson
that $200 per day ($25 per hour) was the standard
rate and the testimony of Lucien Raven, plaintiff's
expert, that the accepted rate was $125 per day.
After determining that Johnson's figure was cor-
rect, the court nevertheless lowered the asked-for
amount to $596.82 for Smith and $620.56 for John-
son.  The decision was based on the premise that
the appraisers had spent much more time in pre-
paring their estimate than was necessary.  The tes-
timony derived from Raven that too much time was
spent comparing alternatives when the street in
question was an existing fact was the core of the
court's decision.

On appeal, defendants ask whether the trial judge
abused his discretion when he lowered the asked-for
costs because he felt them unreasonable.  The posi-

tion of defendants is that they are entitled to all costs for their expert witness fees because they were reasonable expenses in preparation for trial. They contend that the judge first abused his discretion by suggesting that the matters of "comparables" could have been settled by a phone call to Raven, plaintiff's expert. It was wrong, they assert, for the judge to expect defendant's experts to obtain source material from Raven because he was a hostile witness and additionally probably wouldn't have assisted' them.

Defendants further contend that all preparation by their experts was reasonable, including traveling to the premises, visiting the premises, examining comparables, and familiarizing themselves with the Holland area real estate market because without such information their expertise would have been vulnerable during cross-examination.

Jack Smith's bill included 30 hours for appraisal services and 4 hours for "pretrial time". Andrew Johnson's bill included 22 hours for appraisal services and 4 hours for a pretrial conference.

The stenographer died and, for that reason, there is not a transcript of the testimony of plaintiff's expert witness, Raven, as to his opinion concerning the amount of time spent by defendants' appraisers in preparing for trial. Neither the agreed statement of facts nor the judge's opinion contain anything which would justify a finding that four hours conference time, presumably with defendants' attorney, was excessive. That being the case, we think that four hours, or minimally three hours, should have been allowed for conference time.

The trial judge found that $200 per day ($25 per hour) was the standard rate and allowed each of the defendants' appraisers $550 plus expenses. Two days were spent in trial, which at the $200 per day

rate amounts to $400, leaving $150 allowed for preparation, or 6 hours allowed for preparation at the $25 per hour rate. The parties have stipulated that the issue is whether the circuit judge exercised his discretion properly in allowing only six hours of chargeable time each for the two expert witnesses of the defendants to consult with defendants' attorney and otherwise to prepare for trial.

Deducting the three or four hours which we think should have been allowed for conference time with defendants' attorney, the judge allowed each appraiser only two or possibly three hours to familiarize himself with the property being condemned, the area where it was situated, comparable sales, and to prepare his appraisal.

We think the trial judge was not on sound ground when he said that "these comparables could have been obtained by telephone call to Lucien Raven (plaintiff's expert), who could have been known to the appraisers on request". The defendants' experts *might* have obtained Raven's comparables by telephoning him—there is nothing in the record to show that he would have furnished this information. But even if he had given them his comparables, they were not bound to restrict their investigation to his comparables. They would, in any event, have been duty-bound to have investigated the matter and to have determined, based upon their own investigation, whether they had all the comparables. In an adversary proceeding, parties are not bound to rely on their adversaries to furnish them with the evidence to support their claims. To state it differently, the defendants in this case were not obliged to limit their search for evidence to support their claim to such evidence as the plaintiff was willing to furnish.

Accepting the trial judge's finding that "entirely too much time had been spent in alternative methods of use without regard to the fact that Ottawa Avenue along the west side of condemnees' property was an accomplished fact, and that the decision to lay out Ottawa Avenue on or across condemnees' property had been made and approved long prior to these proceedings", still we are left with the fact that the trial judge allowed only two or three hours for preparation of the appraisal. This is entirely inadequate.

In *State Highway Commissioner* v. *Rowe* (1964), 372 Mich 341, a unanimous Court observed, p 343:

"It is not amiss to observe generally that few expert witnesses could testify properly or effectively without *careful preparation,* and on occasion, without necessary disbursement in the course of such preparation. For instance any medical or legal expert, testifying without preparation and confronted by a cross-examiner of competence, would find little comfort in the witness box. More important, his testimony would provide but little light for the trier or triers of fact." (Emphasis supplied.)

The defendants' claim arises under the following statutory provision:

"Witnesses, both ordinary and expert, in any proceeding under this act are entitled to receive from the petitioner the same fees and compensation provided by law for similar services in ordinary civil actions in circuit court, including reasonable expenses of preparation and trial. The court may order payment by the petitioner and any respondent of an attorney fee not to exceed $100.00 which may be taxed as costs." MCLA § 213.383 (Stat Ann 1970 Cum Supp § 8.261[23]).

This statutory provision was adopted after *State Highway Commission* v. *Rowe* was handed down.

This inclines us to the view that those who drafted this provision intended that the amount to be allowed as "reasonable expenses of preparation" would be, in the words of the *Rowe* Court, a reasonable amount for "careful preparation".

The validity of that inference is strengthened by the history of the Court's pronouncement in *State Highway Commissioner* v. *Rowe*. This case was preceded by *State Highway Commissioner* v. *Goodman* (1957), 349 Mich 311, where an equally divided Supreme Court affirmed an award of $75 per day to defendant's expert witnesses in a condemnation case. Four justices held that under the statute then being construed, the condemning authority had no obligation to reimburse the property owner for expert witness fees. Justice BLACK, who wrote for a unanimous Court in *State Highway Commissioner* v. *Rowe,* wrote for the four judges who in the *Goodman case* favored allowance of the expert witness's compensation as a taxable cost against the condemning authority.

If one reads *State Highway Commissioner* v. *Goodman* and *State Highway Commissioner* v. *Rowe* consecutively, one is left with the distinct impression that in *State Highway Commissioner* v. *Rowe* the Court went out of its way to emphasize the importance of allowing adequate compensation for careful pretrial preparation by appraisal witnesses.

Under the standard so established, an allowance for only two or three hours' time to study the property, and comparables and to work up an appraisal is clearly inadequate.

In *Security Life Insurance Co.* v. *Schwartz* (1922), 221 Mich 496, the trial court awarded $100 a day for two days' attendance for each of the medical experts sworn by the defendant. On appeal, the Michigan Supreme Court ruled, p 501:

"We see no occasion, however, for the actual presence of these witnesses at the trial for a longer period than one day. We think the amount awarded by the circuit judge is excessive, and that a reasonable allowance would be $50 a day each for one day's attendance."

While we are most reluctant to disturb the circuit judge's determination of the amount which will reasonably compensate defendants' appraisers, we are satisfied that under the standard established in *State Highway Commissioner* v. *Rowe,* the amount allowed in this case for preparation time is clearly inadequate. We are also persuaded, on the authority of *Security Life Insurance Co.* v. *Schwartz, supra,* that, having reached that conclusion, we are authorized to change the amount allowed to such amount as we think will reasonably compensate defendants' appraisers.[1]

---

[1] *Security Life Insurance Co.* v. *Schwartz* is an apposite precedent, even though it arose under a different statutory provision than the one before us. That case dealt with a statutory provision now found in RJA § 2164 (MCLA § 600.2164, [Stat Ann 1962 Rev § 27A.2164]), providing:

"No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which may be taxed as a part of the taxable costs in the case."

In *Department of Conservation* v. *Connor* (1948), 321 Mich 648, the Michigan Supreme Court said that under the stautory provision there before it the condemning authority was obliged to pay the owner's expert witness' compensation in addition to ordinary witness fees. The statutory provision there before it provided:

"Officers, jurors and witnesses in any proceeding under this act shall be entitled to receive from the petitioner the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts." CL 1948, § 213.37 (Stat Ann § 8.27).

The Court reasoned that the expression "the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts" was a reference to the statutory provision now found in RJA § 2164, *i.e.,* the statutory provisions dealt with in *Security Life Insurance Co.* v. *Schwartz.*

No doubt, the draftsmen of the statutory provision before us intended by repeating in that statutory provision the same verbiage construed in the *Connor* case to incorporate by reference RJA § 2164

One of defendants' appraisers said that he spent 22 hours preparing his appraisal, the other 30 hours. We accept the trial judge's findings that entirely too much time was spent on alternative methods of use. We think that the amount allowed for preparation time should be increased by ten hours and, thus, that the amount which should be awarded to each of defendants' appraisers should be increased by $250.[2]

Remanded to the trial court for modification of the judgment in manner consistent with this opinion. No costs, neither party having prevailed in full.

---

and the rule of law established in the *Connor* case. Accordingly, the statutory provision under which the present case arises incorporates by reference RJA § 2164, and cases construing that provision, such as *Security Life Insurance Co.* v. *Schwartz*, are relevant.

[2] That the amount allowed as compensation must bear a substantial relationship to the record evidence is the clear implication of *Michigan Consolidated Gas Co.* v. *Muzeck, Matter of Attorney Fees* (1968), 15 Mich App 193, where we remanded for an evidentiary hearing on the question of the amount the condemning authority should be required to pay for attorneys' fees because we did not think the presented record was adequate.