STATE HIGHWAY COMMISSION *v.* FREDERICK

1. EMINENT DOMAIN—HIGHWAYS—COMPENSATION PAYABLE—BENE-
   FITS—DETERMINATION OF NECESSITY.

   The state must set forth in its determination of necessity the
   benefits, if any, accruing to the owner of land being con-
   demned for a highway; the benefits must be stated in all
   cases, not only those where the benefits equal or exceed dam-
   ages (MCLA § 213.171 *et seq.*).

2. EMINENT DOMAIN—HIGHWAYS—COMPENSATION PAYABLE—"BENE-
   FITS"—DETERMINATION OF NECESSITY—EVIDENCE.

   Allowing the state to offer evidence of the benefits a landowner
   would receive as ancillary to the condemnation of part of his
   land was error where the state did not claim benefits in its
   estimation of compensation to be paid not in its determina-
   tion of necessity (MCLA § 213.171 *et seq.*).

3. EMINENT DOMAIN—HIGHWAYS—COMPENSATION PAYABLE—"BENE-
   FITS"—DETERMINATION OF NECESSITY—EVIDENCE.

   Allowing the state to offer evidence of the benefits the owner
   of land condemned for a highway would receive from a new
   service road was not reversible error even though the state
   had not shown the benefits in its determination of necessity
   or in its estimates of amount to be paid as compensation
   where the state's estimate of damages was $500, the amount
   of land to be taken was 0.15 acres, and a right-of-way was

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 6, 7] 27 Am Jur 2d, Eminent Domain §§ 357, 363, 365, 368.
   Constitutional rights of owner as against destruction of building
   by public authorities. 14 ALR2d 73.
   Eminent domain: Deduction of benefits in determining compensa-
   tion or damages in proceedings involving opening, widening, or
   otherwise altering highway. 13 ALR3d 1149.
[5] 27 Am Jur 2d, Eminent Domain §§ 269, 310.
[8] 27 Am Jur 2d, Eminent Domain §§ 407, 409, 410.

to be closed, because the low figure made it apparent to the owner that he would receive a benefit from a new service road (MCLA § 213.171 *et seq.*).

4. EMINENT DOMAIN—BENEFITS.

The "benefits" to an owner of land taken by eminent domain for a highway relate only to the value of the remainder of the owner's land; the terms "general" and "special" benefits are not used in this state.

5. EMINENT DOMAIN—JUST COMPENSATION—PARTIAL TAKING.

Just compensation for a partial taking is the difference between the market value of the entire property before the taking and the market value of what remains after the taking; the owner is to be put in such a position that the value of what he retains plus the damages awarded equal the value of the property before the taking.

6. EMINENT DOMAIN—JUST COMPENSATION—BENEFITS.

The benefits accruing to a landowner from a partial taking are, when authorized by statute, to be considered in determining the value of the remainder of his land.

7. EMINENT DOMAIN—HIGHWAYS—COMPENSATION PAYABLE—BENEFITS—SERVICE ROAD.

The benefit to a landowner of a new service road built in connection with a partial taking of the landowner's land for a highway was a proper factor to be considered in determining the value of the remainder of the landowner's land (MCLA § 213.188).

8. EMINENT DOMAIN—APPRAISER'S FEES—DISCRETION.

The amount of an appraiser's fee in a condemnation action is discretionary; the court does not have to accept the charges claimed (MCLA § 213.190).

Appeal from Ingham, Stanley C. Schlee, J. Submitted Division 2 December 10, 1970, at Lansing. (Docket No. 8805.) Decided March 31, 1971.

Condemnation proceedings by the State Highway Commission against Allen S. Frederick and Helen M. Frederick. Judgment for plaintiff. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso,* Assistant Attorney General, and *Bruce S. King,* Special Assistant Attorney General, for plaintiff.

*Hubbard, Fox, Thomas & Born,* for defendants.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

Per Curiam. Defendants own a farm in Ingham County consisting of 145 acres. It formerly belonged to Mr. Frederick's mother, now deceased. When she owned the farm, the State Highway Department took a portion of it to improve US 127. As a result of this taking, seven acres east of the highway containing the farm buildings was cut off from the rest of the farm. To provide access to the west part of the farm, the highway department granted the owner a 50-foot right-of-way across US 127 and constructed a service road along and adjacent to the west side of US 127.

In 1965, the highway department decided to convert US 127 into a limited-access highway. To do so, it commenced proceedings under MCLA § 213.171 *et seq.* (Stat Ann 1954 Rev § 8.171 *et seq.*) to close the 50-foot right-of-way and take 15/100 of an acre of land at the northwesterly corner of the seven-acre parcel. Because the proposed change made numerous properties, including the Frederick property west of the highway, inaccessible to a public road, the highway department built a service road abutting the Frederick property on the west and connecting with existing public roads.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In its determination of necessity, the highway department estimated the Frederick damages at $500.

At the trial the state, over objection, was permitted to claim and introduce testimony showing that the new service road benefited the west remainder, and the trial court instructed the commissioners concerning benefits. The state's appraiser estimated the damages at $9000. The commissioners awarded the owners $13,500 after deducting benefits of $15,000.

Thereafter, after a hearing the trial court allowed the owners' appraiser $1700 for his services although his charge to them was for $2400.

On appeal the owners claim that the trial court erred in permitting benefits to be assessed against the property and in reducing the appraiser's charges by $700.

The substance of appellants' claim concerning benefits is twofold. They claim, first, that because the state did not claim benefits in its estimate of damages nor in its petition for determination of damages, benefits could not be considered. Secondly, they claim that the new service road was not a benefit to the property within the meaning of MCLA § 213.188 (Stat Ann 1954 Rev § 8.189).[1]

---

[1] "If any discontinued highway shall be upon lands through which a new highway shall be laid out, the same may be taken into consideration in estimating the damages sustained by the owner of such lands; and in like manner the benefits accruing to owners of lands by reason of laying-out, altering, widening or otherwise improving any highway or of changing the line thereof, shall be taken into consideration in determining the damages to be paid to any such owner as compensation for the taking of any of his property for any such highway purpose. In each such case, the board or commissioner having the matter in charge, or the court commissioners, as the case may be, shall state such fact and the amount deducted on account thereof in the determination, or report, as the case may be: Provided, however, That benefits shall not be taken into consideration as above stated in case there is any assessment levied on the abutting property by reason of the laying-out, altering, widening or otherwise improving said highway."

The state claims that the service road does in fact benefit the west remainder and whether termed general or special is irrelevant since Michigan law makes no distinction between the two types of benefits, as is done in some jurisdictions. See 13 ALR3d 1149. It is the position of the state that if the service road is not considered in determining value, the owners would be compensated as if the west remainder were landlocked.

An examination of the provisions of MCLA § 213-.171 et seq. (Stat Ann 1954 Rev § 8.171 et seq.) discloses a plan established by the legislature for the acquisition of land for highway purposes. When the state cannot acquire the necessary land by purchase, it must hold a hearing and make a written determination of necessity stating therein the damages which it considers should be paid as compensation. The statute calls this instrument the "determination". It is to be filed with the State Highway Department, recorded in the office of the Register of Deeds and notice thereof must be given to the owner. If the owner does not accept the stated sum, the state is entitled to possession upon tender of the amount, unless the state has determined that benefits equal or exceed damages. Thereafter, the state must file a petition for the appraisal of damages.

From the foregoing it is apparent that when the state makes a determination of necessity it must set forth therein its estimate of damages to be paid as compensation for the taking of the property. Obviously, the amount so estimated is the amount to be paid the owner and if benefits are claimed the same must be stated and deducted in arriving at the amount to be "paid as compensation". The state misreads the statute when it contends that benefits need be stated only when the same equal or

exceed damages.  This circumstance simply obviates tender.

Thus, we believe the trial court erred in allowing testimony to be offered concerning benefits. However, we do not believe the same was prejudicial to the owners requiring reversal.  When the state estimated the owners' damages at $500, it must have been apparent to them that this very nominal amount to be paid as compensation for taking 0.15 of an acre of land and for closing the right-of-way across US 127 was due in large measure to the new service road along their west remainder.  We are not persuaded that the ruling of the trial judge denied appellants substantial justice, especially where the state at the trial revised its estimate of damages to $9000.  GCR 1963, 529.1.

No Michigan authority is cited in support of the owners' construction of MCLA § 213.188, *supra,* concerning benefits.  An examination of the authorities cited in 145 ALR 7, and in the current annotation in 13 ALR3d 1149, shows that there is no uniformity of opinion on the subject.  Any attempt to reconcile the decisions is hopeless.

We believe that, instead of trying to decide when a benefit is "general" and when "special", the better view, as expressed in some of the decisions, is that the term "benefits" when in issue is relevant only as it relates to the value of the remainder.

This is particularly true in Michigan where the measure of just compensation for a partial taking is the difference between the market value of the entire property before the taking and the market value of what remains after the taking; or, to put it another way, by the amount to which the value of the property from which the part is taken is diminished.  *State Highway Commissioner* v. *Sypher* (1944), 310 Mich 93; *In re Widening of Fulton*

*Street* (1929), 248 Mich 13. As stated in *Township of Custer* v. *Dawson* (1914), 178 Mich 367, 371:

"What the statute, under the Constitution, aims to do is to give the owner fair value for what is taken. In other words, to place him in such a position that the value of what he retains, plus the damages awarded, shall equal the value of his property before the highway was laid out."

Benefits then, where authorized by statute, are are a factor to consider in determining the value of the remainder.

We have no difficulty here in concluding that the service road was a part of the highway project and materially affected the after value of the Frederick farm. It was properly considered by the court commissioners as a benefit within the meaning of MCLA § 213.188, *supra*.

Upon this record we are satisfied that the award before us meets the constitutional and statutory tests of "just compensation," as construed by our Supreme Court, and, indeed, appellants do not claim otherwise.

MCLA § 213.190 (Stat Ann 1954 Rev § 8.191) gives the court authority to fix witness fees. No duty is imposed to approve the charges claimed. The appraiser-witness testified concerning his services after which the court fixed his fees at $1700. The allowance of costs is discretionary. *State Highway Commissioner* v. *Goodman* (1957), 349 Mich 311; *Block* v. *Schmidt* (1941), 296 Mich 610. Absent a clear showing of abuse of discretion the lower court's determination must stand.

Affirmed.