*In re* PETITION OF STATE HIGHWAY COMMISSION
(STATE HIGHWAY COMMISSION v COUSINEAU GRAVEL INC)

1. COSTS—CONDEMNATION PROCEEDING—REPORTS.

   A property owner has the right to have a report made relating to the value of his land in preparation for contesting a condemnation proceeding, and the fact that the report is in accord with a report prepared by the state does not make the expense of preparing such a report totally unallowable as a taxed cost.

2. COSTS—CONDEMNATION PROCEEDINGS—REPORTS—REASONABLENESS.

   The cost of a landowner's report on his land, made in preparation for contesting a condemnation proceeding, is completely reasonable where the cost of preparation of a similar report by the state was some $3000 higher, and the state admitted that the landowner's report was very thorough.

3. COSTS—ADVERSARY PROCEEDINGS—CONDEMNATION PROCEEDINGS— AERIAL SURVEYS.

   Parties in an adversary proceeding are not bound to rely on their adversaries to furnish them with the evidence to support their claims; thus the cost of an aerial survey prepared by a landowner in preparation for contesting a condemnation proceeding is allowable where the record clearly establishes that the state also uses such surveys in condemnation proceedings.

Appeal from Montcalm, Leo B. Bebeau, J. Submitted Division 3 December 4, 1974, at Grand Rapids. (Docket No. 18295.) Decided February 11, 1975.

Petition by the State Highway Commission to condemn property of Cousineau Gravel, Inc., for

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 20 Am Jur 2d, Costs § 7.
  27 Am Jur 2d, Eminent Domain §§ 446, 473.
[3] 27 Am Jur 2d, Eminent Domain § 375.

use in a highway improvement. Judgment for the Highway Commission. Defendant then sought allowance of costs and expenses, a portion of which were allowed and a portion disallowed. Defendant appeals. Affirmed with modification.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Janis Meija,* Assistants Attorney General, and *James J. Kobza,* Special Assistant Attorney General, for plaintiff.

*Smith Bovill, P. C.,* for defendant.

Before: T. M. BURNS, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. On January 6, 1970, the State Highway Commission brought a petition pursuant to 1966 PA 295 to condemn the defendant's property in order to improve highway US-131. The property to be taken was 30 acres in fee of an 80-acre parcel. The land was being used by the defendant as a gravel pit. The case was tried before a jury on April 17, 1972. The State offered $34,000 for the land which was at least $60,000 below the value requested by the owner. On April 20, 1972, the jury returned a verdict of $38,700.

On May 2, 1972, the defendant moved for the allowance of $19,474.72 costs and expenses.[1] The State filed an objection to the amount claimed contending that several of the proposed costs were

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The pertinent statutory provision is MCLA 213.383; MSA 8.261(23).

excessive and unreasonable and that others were not justified since they played no part in the trial. A hearing was held in circuit court to settle the dispute. In his opinion, the judge passed on each item individually. We deem it helpful to set forth his findings in their entirety. We will discuss decisionally those with which we disagree and our reasons for so doing.

| "Costs: | Requested: | Allowed: |
|---|---|---|
| John C. Helveston, appraisal fees (Exhibit A) | $3,800.00 | $2,908.00 |
| John C. Helveston, pre-trial conf. and testimony at trial (no contest) (Exhibit B) | 400.00 | 400.00 |
| Eldon J. Nedeau, appraisal fees (Exhibit C) | 3,500.00 | 2,908.00 |
| Eldon J. Nedeau, pre-trial conf. and testimony at trial (no contest) (Exhibit D) | 571.02 | 571.02 |
| William F. DeYoung, engineering fees (Exhibit E) | 385.00 | None |
| James Lehman, engineering fees (Exhibit F) | 919.00 | 519.00 |
| Grand Rapids Testing Service (Exhibits G, H & I) | 8,239.80 | None |
| Abrams Aerial Survey (Exhibits J & K) | 1,162.50 | 275.00 |
| Wigen-Tincknell Associates (Exhibit L) | 183.20 | 183.20 |
| Richard Roelofs, witness fee and mileage (Exhibit M) | 20.00 | None |
| Robert C. Jakems, witness fee and mileage (Exhibit N) | 20.00 | None |
| Peter Spaanstra, service fees (Exhibit O) | 11.60 | None |
| Helen A. Johnson, depositions (Exhibit P) | 182.60 | None |
| Smith, Bovill, Joseph & Wolf, P. C. Statutory Attorney Fee. | 100.00 | 100.00 |
| TOTAL | $19,494.72 | $7,864.22" |

Under the *de minimis* doctrine we do not address ourselves to the items of $20 or less. Neither do we disturb the findings of the trial judge in which some relatively substantial adjustments were made. These we think were well within his discretion.

We hold the item of $182.60 for the cost of depositions which was disallowed by the trial judge to have been properly a taxable item.

Therefore we now will pass decisionally on the two major items, one of which the learned trial judge disallowed in its entirety and the other which he drastically reduced. They are $8,239.80 for the Grand Rapids Testing Service and $275 for the Abrams Aerial Survey in lieu of the claimed $1,162.50. We will discuss them separately.

In its extremely thorough and detailed opinion the court adverted to the fact that the State's so-called Malott Report was not challenged as unreliable by any witness and that the report of the Grand Rapids Testing Service was not in evidence.

In this we think the trial judge applied an erroneous test as to the property owner's right to have a test of his own comparable to the one made by the State. The defendant could hardly have been expected to anticipate that the State's witness would testify as follows as to the Grand Rapids testing report:

"[I]t seems to be a very thorough report. They did 31 borings, and 15 test pits; samples came from the test pits which is a very good way to sample. There was no resistivity run on it which does not detract from the report at all. They did more testing than we did in that they tested some of the properties of the aggregates in reference to uses in higher type aggregates which we did not do. We only did the mechanical analysis. So all in all I would say that it's a very thorough report. In

my opinion, there were two thorough surveys done of the same area."

It is hardly to be expected that after that testimony defendant would call a representative of the testing company to say in effect that its own report was indeed thorough and properly prepared.

It would be indeed a dangerous rule of law to hold that because a property owner's report, ordered in preparation for contesting a condemnation proceeding, accords at trial with that of the state's that the expense of preparing the landowner's report is totally unallowable.

We note that the state's witness testified that the total cost of preparation of the Malott Report, so-called, was $11,502.53. As previously noted, the cost of the landowner's was $8,239.80. It seems to follow incontestably that under the State's own cost figures the charge by the Grand Rapids Testing Service was completely reasonable, particularly, when it was admitted by the State to be "very thorough".

We turn now to the virtually disallowed aerial survey. The record clearly establishes not only that the State uses such surveys but indeed uses the same company which prepared the topographical map for the landowner. Again the State's witness admitted with complete candor that this was the "kind of a tool" that someone doing Mr. Malott's type of work "frequently relies on".

We follow the eminently sound principle promulgated by this Court in *City of Holland v Green*, 25 Mich App 565, 568; 181 NW2d 821 (1970):

"In an adversary proceeding, parties are not bound to rely on their adversaries to furnish them with the evidence to support their claims. To state it differently,

the defendants in this case were not obliged to limit their search for evidence to support their claim to such evidence as the plaintiff was willing to furnish."

We modify the trial court's order fixing the fees to allow specifically the items of $8,239.80 for Grand Rapids Testing Service, $1,162.50 for Abrams Aerial Survey, and $182.60 for Helen A. Johnson's depositions. In all other respects the trial court is affirmed. We award no costs in this Court, neither party having prevailed in full.