*In re* VIRGINIA PARK NEIGHBORHOOD DEVELOPMENT
PROGRAM

(CITY OF DETROIT v HOPKINS)

Docket No. 77-2883. Submitted June 6, 1979, at Detroit.—Decided
August 21, 1979.

The City of Detroit filed a petition under the blighted area
rehabilitation act to condemn certain property, including a
parcel owned by Lelia Hopkins. The jury made a compensation
award and the Wayne Circuit Court, Verne C. Boewe, J.,
entered judgment with interest from the date of filing of the
petition. The city appeals. *Held:*

The statute providing for interest on money judgments from
the date of filing the complaint does not apply to condemnation
proceedings, wherein interest runs from the date of judgment
or the date of taking, whichever is first.

Reversed.

EMINENT DOMAIN — CONDEMNATION — INTEREST ON JUDGMENTS —
STATUTES.

The statute providing for interest on money judgments from the
date of filing the complaint does not apply to condemnation
proceedings, wherein interest runs from the date of judgment
or the date of taking, whichever is first (MCL 600.6013; MSA
27A.6013).

*Roger E. Craig,* Corporation Counsel, and *James
C. Cobb, Jr.,* Assistant Corporation Counsel, for the
City of Detroit.

Before: R. M. MAHER, P.J., and BRONSON and
A. E. MOORE,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
27 Am Jur 2d, Eminent Domain §§ 297-307.
* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. On January 26, 1976, the appellant, City of Detroit, filed a petition to condemn property which included a parcel owned by the appellee, Mrs. Hopkins. On June 8, 1977, a Wayne County Circuit Court jury awarded Mrs. Hopkins $24,500 compensation for the taking of that property. On June 24, 1977, the trial court awarded her interest on the judgment at the rate of 6% from the date the petition was filed. The city now appeals by right.

The appellant argues that the trial court erred in awarding Mrs. Hopkins interest on the judgment from the date the petition was filed rather than from either the date of judgment or the date of taking.

In granting the appellee's motion for interest from the date of filing the petition in this action, the trial court relied upon MCL 600.6013; MSA 27A.6013, which states, *inter alia:*

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 6% per year unless the judgment is rendered on a written instrument having a higher rate of interest in which case interest shall be computed at the rate specified in the instrument if such rate was legal at the time the instrument was executed."

This statute, the court reasoned, applied in condemnation actions pursuant to MCL 125.75; MSA 5.3505, which states that actions brought under the blighted area rehabilitation act should be instituted "in accordance with the laws of the state or provisions of any local charter relative to condemnation".

However, a review of case law in the area of condemnation actions reveals that a different rule

regarding interest on judgments has evolved. Namely, interest is allowed on a judgment from the date of judgment or from the date of taking.

*In re Lansing Urban Renewal,* 68 Mich App 158, 166; 242 NW2d 51 (1976), stated the general rule regarding interest on judgments in condemnation cases. In holding that interest should run from the date of the taking, the Court stated:

"In general, case law has equated condemnation awards with all other types of judgments on which interest begins to accumulate on the date of judgment. *Campau v Detroit,* 225 Mich 519; 196 NW 527 (1923), *Friedt v Detroit,* 343 Mich 610; 73 NW2d 211 (1955). Where however, there has been a taking of property during the pendency of the proceedings, interest is allowed from the date of taking. *In re Petition of State Highway Commissioner,* 279 Mich 285; 271 NW 760 (1937), *State Highway Commissioner v Rowe,* 372 Mich 341; 126 NW2d 702 (1964)."

The theory underlying the "date of taking or judgment" rule in condemnation cases was stated in *State Highway Comm'r v Great Lakes Express Co,* 50 Mich App 170, 185; 213 NW2d 239 (1973):

"The purpose of interest on a condemnation award is to provide the condemnee with just compensation for that which has been taken. In *State Highway Commissioner v Eilender,* 362 Mich 697, 699; 108 NW2d 755, 756 (1961), it was stated:
" 'Just compensation, we have held, must put the party injured in as good position as he would have been if the injury had not occurred. *It should neither enrich the individual at the expense of the public nor the public at the expense of the individual.'* (Emphasis added.)"

The general rule in all cases is to allow an injured party to be made whole, thereby recover-

ing damages from the date of injury. In contracts or tort cases, the date most closely approximating the date of injury and therefore the date from which interest should run is the date the suit was filed.

However, this is not the case in condemnation actions. In these actions, the property owner may not be injured, his right to possession and enjoyment of his property may not be interfered with, until long after the petition has been filed, and, in many cases, not until judgment has been granted.

Accordingly, we hold that MCL 600.6013; MSA 27A.6013 is not controlling in this case and that interest should not run from the date the complaint was filed but rather from the date of judgment or taking.

In this case, the appellee stipulated at trial that the time of taking was the date of judgment.

Accordingly, we hold that the trial court erred in holding that the city was liable for interest on the condemnation award from the date the petition was filed. Interest should run from the date of judgment, which in this case was also the date of taking.

Reversed.