## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth
Transportation
Commission

v.

Coffey

August 10, 1993

Case No. (Law) 113009

BY JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on defendant's motion to recover expert witness fees associated with discovery in the parties' eminent domain suit. Defendant contends that Virginia Supreme Court Rule 4:1(b)(4)(D) allows for recovery of all expenses incurred by the condemnee's expert in the course of preparing responses to discovery initiated by the Commonwealth, including the expenses incurred in developing the expert's work product.

Rule 4:1(b)(4)(D) requires that "the condemnor in eminent domain proceedings, when it initiates discovery, shall pay all costs thereof, including without limitation the cost and expenses of those experts discoverable under subdivision (b) of this Rule." It is not disputed that the discovery at issue was initiated by the condemnor, nor that expert fees are due. The sole question before this court relates to the extent of fees which are properly recoverable under Rule 4:1(b)(4)(D).

I find that the expenses incurred by defendant's expert in preparing to respond to discovery and to develop his work product are not recoverable under Rule 4:1(b)(4)(D). While the Rule at issue provides for recovery of "all costs and expenses" of the condemnees expert, I find the Rule is limited to costs and expenses as defined in the context of discovery. Generally, these are limited to costs and expenses incurred in responding directly to discovery and do not include costs and

expenses incurred for preparing for discovery or for developing a work product. *See, Rhee v. Witco Chemical Corp.*, 126 F.R.D. 45, 47 (N.D. Ill. 1989); *EEOC v. Sears, Roebuck & Co.*, 138 F.R.D. 523, 526 (N.D. Ill. 1991); 4 *Moore's Federal Practice*, "Adverse Party's Experts," § 26.66[5].

The condemnees cite no authority in support of their position; the treatise cited by them is inapposite as it concerns the award of trial witness fees and costs and not the costs and fees recoverable in the context of discovery. *See* 68 A.L.R. 3rd *Eminent Domain Costs-Expert Witnesses*, § 10[a]. Furthermore, even if the treatise cited were applicable here, it makes clear that the authority to make any such award rests on an express statutory mandate, which I find to be absent in this case.[1]

The condemnees further contend that there would be no need for the legislature to adopt Rule 4:1(b)(4)(D) if it did not intend to expand the scope of Rule 4:1(b)(4)(C), the general rule governing the award of fees incurred by a party's expert in responding to discovery. They further contend that any other reading makes the Rules indistinguishable. I do not find that the limit placed on Rule 4:1(b)(4)(D) by this decision renders it a mere redundancy. Rather, the limit is consistent with what I believe to be the import of the Rule, which is to remove the burden of costs Rule 4:1(b)(4)(C) places on the condemnee seeking discovery of the opposing expert. Unlike the general rule, Rule 4:1(b)(4)(D) charges the Commonwealth, once it has initiated discovery, with the costs and expenses incurred in responding to discovery by any expert in the case, even when the discovery is sought by the condemnee.

Based on this reasoning, I find that only those expenses incurred by condemnees' experts in directly responding to the Commonwealth's discovery are recoverable against the Commonwealth.

---

[1] *See, Northeastern Gas Transmission Co. v. Tersana Acres, Inc.*, 139 A.2d 63, 66 (Conn. 1957); *Ziegler v. Goodman*, 84 N.W.2d 507, 508 (Mich. 1957); *Burbank v. Nordahl*, 18 Cal. Rpt. 710, 720–21 (Cal. 1962); *Hartman Tobacco Co. v. Argraves*, 154 A.2d 617, 618 (Conn. 1959); *Recreation & Park Commission v. Perkins*, 93 So.2d 198, 199–200 (La. 1957); *Mackie v. Rowe*, 126 N.W.2d 702, 703 (Mich. 1964); 68 A.L.R.3d, *Eminent Domain Costs — Expert Witnesses*, § 10[a] at 591.